UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT | * CIVIL ACTION NO. |
| OF ANTILL PIPELINE CONSTRUCTION | * |
| CO., INC., AS OWNER OF THE BARGE | * JUDGE    09-3646 |
| LML 103 AND M/V RUTH R, AND AS | * |
| ALLEGED CHARTERER OF THE BARGE | * MAGISTRATE |
| CD 897 FOR EXONERATION FROM OR | * |
| LIMITATION OF LIABILITY | *    SECT. C MAG. 2 |
| ***************************************** | * |

### ORDER APPROVING LETTER OF UNDERTAKING AND DIRECTING THE ISSUANCE OF NOTICE TO CLAIMANTS AND RESTRAINING PROSECUTION OF CLAIMS

A Limitation Complaint having been filed herein on the 20th day of May 2009, plaintiff, Antill Pipeline Construction Co., Inc. (hereinafter "Antill"), as owner of the BARGE LML103 and M/V/ RUTH R, and as alleged charterer of the BARGE GD 897, which is denied, for exoneration from or limitation of liability pursuant to 46 U.S.C. §30501 *et seq.*, and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, for any claims, damage, death, injury or destruction caused by or resulting from the alleged incident in connection with the above-described vessels on or about the evening of May 20, 2009, or the early morning hours of May 21, 2009, all as more fully set forth in the Complaint, and plaintiffs having filed Verification of Value of the said vessel and an approved Letter of Undertaking therefor, all as is required by the rules of this Court and the law;

1

**NOW THEREFORE,** upon motion of Reich, Album & Plunkett, LLC, attorneys for plaintiffs:

1.

It is ordered that the Letter of Undertaking for the value of the plaintiffs' interest in the BARGE LML103 and M/V/ RUTH R, and as alleged charterer of the BARGE GD 897, plus their pending cargo and freight, on the evening of May 20, 2009, or the early morning hours of May 21, 2009 in the principal amount of TWO HUNDRED SEVENTY-ONE THOUSAND AND 00/100 ($271,000.00), DOLLARS, executed on May 22, 2009, filed herein by plaintiffs be accepted as *ad interim* stipulation for value for the purposes of the limitation proceeding and that it be approved as to form, quantum and surety; and

2.

It is further ordered that any claimant who may properly become a party hereto may contest the amount or value of plaintiffs' interest in the BARGE LML103 and M/V RUTH R, and as alleged charterer of the BARGE GD 897, which is denied, on the evening of May 20, 2009, or the early morning hours of May 21, 2009, and may move this Court for due appraisal of said interest and may apply to have the amount increased or diminished, as the case may be, or seek a determination by this Court of the amount or value of said interest; and

3.

It is further ordered that Notice shall be issued out of and under the seal of this Court to all persons asserting claims with respect to which the Complaint seeks exoneration or limitation, admonishing them to file their respective claims with the Clerk of Court, in writing, and to serve on the aforementioned attorneys for the plaintiffs, a copy thereof on or before the 20th day of May, 2010, or be defaulted and that if any claimant desires to contest either

1

the right to exoneration from or the right to limitation of liability, he shall file and serve on attorneys for plaintiffs an answer to the Complaint on or before the said date unless the claim has included an answer to the Complaint so designated, or be defaulted; and

4.

It is further ordered that the aforesaid Notice shall be published in the forum required by Supplemental Rule F of the Federal Rules of Civil Procedure once a week for four consecutive weeks prior to the date fixed for the filing of claims in a newspaper of general circulation published in the State of Louisiana, i.e., *The Times Picayune*, and copies of the Notice shall also be mailed in accordance with Rule F of the Supplemental Rules of Certain Admiralty and Maritime Claims; and

5.

It is further ordered that the commencement of and/or further prosecution of any and all actions or proceedings against plaintiffs or any of their property ~~and/or against any of their underwrite~~rs with respect to any claim for which plaintiffs seek exoneration from or limitation of liability, including any claim arising out of or connected in any way with any loss, damage, death, injury or destruction resulting from the incident described in the Complaint be, and the same are hereby stayed and restrained, and all prior orders, rulings or decrees issued in conjunction with any heretofore filed libel claims be stayed and restrained until the hearing or determination of this proceeding; and

6.

It is further ordered that plaintiffs may make service of this Order as a restraining order through the United States Post Office by mailing a conformed copy thereof to the person or persons to be restrained, or their respective attorneys, or alternatively, by hand delivery.

New Orleans, Louisiana, this 26th day of May 2009.

_____
UNITED STATES DISTRICT JUDGE