UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT | * CIVIL ACTION NO. 09-3646 |
| OF ANTILL PIPELINE CONSTRUCTION | * |
| CO., INC., AS OWNER OF THE BARGE | * "C"(2) |
| LML 103 AND M/V RUTH R, AND AS | * |
| ALLEGED CHARTERER OF THE BARGE | * JUDGE BERRIGAN |
| GD 897 FOR EXONERATION FROM OR | * |
| LIMITATION OF LIABILITY | * MAGISTRATE WILKINSON |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### ANSWER TO CLAIM OF JANE VOSS, AS ALLEGED HEIR AT LAW TO THE ESTATE OF WILLIAM NORRIS VOSS, AND THIRD-PARTY COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes petitioner-in-limitation, Antill Pipeline Construction Co., Inc., as owner of the Barge LML 103 and M/V RUTH R, and as alleged charterer of the Barge GD 897, who, for answer to the claim of Jane Voss, as alleged heir at law to the estate of William Norris Voss, and for Third-Party Complaint against Brandy Frommeyer Carrere, as succession representative to the estate of Michael James Carrere, Tarpon Rental, Inc. and ABC Insurance Company, aver upon information and belief as follows:

### FIRST DEFENSE

Petitioner-in-limitation re-asserts and re-avers as if copied herein *in extenso* the entirety of its Complaint for Exoneration from and/or Limitation of Liability (Record Doc. No. 1).

## SECOND DEFENSE

The claim of Jane Voss, as alleged heir at law to the estate of William Norris Voss, fails to state a claim against petitioner-in-limitation upon which relief can be granted.

## THIRD DEFENSE

AND NOW, for further answer to the individual allegations of the claim, petitioner-in-limitation avers upon information and belief:

1.

The allegations contained in Paragraph I are denied.

2.

The allegations contained in Paragraph II are denied.

3.

The allegations contained in Paragraph III are denied.

4.

The allegations contained in Paragraph IV are denied.

5.

The allegations contained in Paragraph V are conclusions of law for which no answer is required.  To the extent an answer is required, the allegations are denied.

6.

The allegations contained in Paragraph V are conclusions of law for which no answer is required.  To the extent an answer is required, the allegations are denied.

7.

Any allegation not heretofore admitted is denied.

8.

Claimant's prayer for relief is denied.

**<u>FOURTH DEFENSE</u>**

Further, in the alternative, petitioner-in-limitation avers that if claimant or decedent suffered any injuries, as alleged, which is denied, said injuries were caused by the acts, carelessness, inattention to duty, omissions, and/or conduct of third persons, for whose fault and negligence petitioner-in-limitation is not liable.

**<u>FIFTH DEFENSE</u>**

Further, in the alternative, petitioner-in-limitation avers that if claimant or decedent suffered any injuries, as alleged, which is denied, said injuries were contributed to by their own fault, negligence, and/or the fault or negligence of third parties, which fault should act as a complete bar, or in the alternative, as a mitigating factor with respect to any recovery by claimant of damages.

**<u>SIXTH DEFENSE</u>**

As a further defense, petitioner-in-limitation avers that if claimant or decedent suffered any injuries, as alleged, which are denied, said injuries occurred as a consequence of claimant or decedent's assumption of accepted and ordinary risk.

**<u>SEVENTH DEFENSE</u>**

The alleged incident, which is specifically denied, and any and all loss, damage, injury, death or destruction resulting there from, were in no way caused by the fault, neglect, design or want of due care on the part petitioner-in-limitation, its agents, servants, or employees, or any one for whom petitioner-in-limitation is or may have been responsible.  Additionally, said incident was occasioned and occurred without the privity or knowledge on the part of petitioner-

in-limitation or any of its directors, officers, stockholders or agents, thereby entitling petitioner-in-limitation to limitation of liability.

## EIGHTH DEFENSE

Claimant has failed to mitigate its damages, which should bar, or, alternatively, reduce its recovery.

## NINTH DEFENSE

Claimant's claim is barred due to the decedent's intoxication, or, alternatively, pursuant to La. R.S. 9:2798.4.

## THIRD-PARTY COMPLAINT

AND NOW, assuming the role of third-party plaintiff, petitioner-in-limitation avers upon information and belief:

I.

Petitioner-in-limitation re-asserts and re-avers the entirety of its Complaint for Exoneration from and/or Limitation of Liability (Record Doc. No. 1) as if copied herein *in extenso.*

II.

Petitioner-in-limitation re-asserts and re-avers all of its defenses and denials set forth in its Answer to the claim of Jane Voss, as alleged heir at law to the estate of William Norris Voss.

III.

At all material times herein, Antill Pipeline Construction Co., Inc. was and is a corporation organized and existing under the laws of the State of Louisiana and doing business within the jurisdiction of this Honorable Court.

IV.

Made third-party defendant herein is Brandy Frommeyer Carrere, succession representative of the estate of Michael James Carrere, who, at all material times, was and is a person of majority age and a domiciliary of the State of Louisiana.

V.

Made additional third-party defendant herein is Tarpon Rental, Inc., which, at all material times was and is a corporation organized and existing under the laws of the State of Louisiana and doing business within the jurisdiction of this Honorable Court.

VI.

Made additional third-party defendant herein is ABC Insurance Company, a foreign insurance company, which, at all material times was doing business within the jurisdiction of this Honorable Court.

VII.

On or about May 20, 2009, a 23 feet Hanko aluminum recreational vessel equipped with a Yamaha 300 horsepower outboard motor, which was owned and being operated by Michael James Carrere, was traveling at an excessive rate of speed when it allided with the barge LML103 and/or barge GD897, which were moored in the Falgout Canal located just east of Louisiana Highway 315 near Theriot, Louisiana.

VIII.

Upon information and belief, the decedent, William Norris Voss, was a passenger on the vessel operated by Michael James Carrere.

IX.

At the time of the aforementioned incident, Michael James Carrere was acting within the course and scope of his employment with Tarpon Rental, Inc., or alternatively, engaged on a mission on its behalf.  Therefore, Tarpon Rental, Inc. is liable, directly and vicariously for the fault of Michael James Carrere.

X.

The aforementioned incident, and any alleged losses, damages, deaths or injuries occurring as a result, were caused or contributed to by the negligence, fault, carelessness, neglect, lack of due diligence or want of due care on the part of Michael James Carrere in the following non-exclusive particulars:

1. Failure to protect life and property;

2. Operating the vessel at an excessive speed;

3. Operating the vessel while impaired due to the ingestion of intoxicating beverages and/or controlled substances;

4. Operating the vessel with a blood alcohol content in excess of the legal limit;

5. Operating the vessel without a proper lookout;

6. Operating the vessel with restricted vision;

7. Operating the vessel in an erratic manner;

8. Failure to abide by federal and state statutes and regulations regarding the operation of a vessel;

9. Operating the vessel without maintaining the proper attention; and

10. For other reasons which will be shown at the trial of this matter.

XI.

The above-mentioned incident, and any alleged losses, damages, deaths or injuries occurring as a result, cause or contributed to by the negligence, fault, carelessness, neglect, lack of due diligence or want of due care on the part of Tarpon Rental, Inc. in the following non-exclusive particulars:

1. Failure to protect life and property;

2. Failure to properly supervise and train Michael James Carrere;

3. Failure to design a safety protocol in connection company-sponsored events;

4. Failure to abide by federal and state statutes and regulations regarding the operation of a vessel;

5. Failure to provide Michael James Carrere and his passengers with alternate transportation after he ingested intoxicating beverages and/or controlled substances; and

6. For other reasons which may be shown at the trial of this matter.

XII.

ABC Insurance Company issued a policy of insurance to Michael James Carrere and/or Tarpon Rental, Inc, which provides coverage for the claims asserted herein by petitioner-in-limitation.  ABC Insurance Company is therefore liable as a direct defendant under the provisions of the Louisiana Direct Action Statute, La. R.S. 22:1269.

XIII.

Claimants, Jane Voss, as alleged heir at law to the estate of William Norris Voss, Jane Voss, individually as surviving spouse of William Norris Voss, Spencer Voss, William Voss and

Zachary Voss, have asserted claims herein against petitioner-in-limitation arising out of the foregoing incident. Petitioner-in-limitation has denied all liability for the incident.

XIV.

In the event that petitioner-in-limitation is found liable to Jane Voss, as alleged heir at law to the estate of William Norris Voss, Jane Voss, individually as surviving spouse of William Norris Voss, Spencer Voss, William Voss and Zachary Voss, Jane Voss, or any other claimant in this proceeding, petitioner-in-limitation is entitled to recover from Brandy Frommeyer Carrere, as the succession representative of the estate of Michael James Carrere, Tarpon Rental, Inc. and ABC Insurance Company by way of defense, contribution, indemnity and/or recovery of or for these claims.

WHEREORE, petitioner-in-limitation, Antill Pipeline Construction Co., Inc., as owner of the Barge LML 103 and M/V RUTH R, and as alleged charterer of the Barge GD 897, prays that after due proceedings had, that there be judgment herein in its favor and against claimant, Jane Voss, as alleged heir at law to the estate of William Norris Voss, dismissing claimant's claim with prejudice, and for all other such relief as petitioner-in-limitation may be entitled in this Court. Alternatively, petitioner-in-limitation prays that after due proceedings had, that there be judgment herein in its favor and against Brandy Frommeyer Carrere, as succession representative of the estate of Michael James Carrere, Tarpon Rental, Inc. and ABC Insurance Company for defense, indemnity, contribution and/or recovery of or for any and all judgment and/or

settlement, expenses, pre-judgment interest, post-judgment interest, and all other such relief as petitioner-in-limitation may be entitled in this Court.

        Respectfully submitted,

        **REICH, ALBUM & PLUNKETT, LLC**

        /s/ ROBERT S. REICH
        **ROBERT S. REICH, T.A. (#11663)**
        **JOHN B. ESNARD III (#25664)**
        **W. JACOB GARDNER, JR.(#30511)**
        Two Lakeway, Suite 1000
        3850 N. Causeway Blvd.
        Metairie, Louisiana 70002
        Tel: (504) 830-3999
        Fax: (504) 830-3950
        rreich@rapllclaw.com
        jesnard@rapllclaw.com
        jgardner@rapllclaw.com
        *Attorneys for Antill Pipeline*
        *Construction Co., Inc.*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on 13th the day of October, 2009, I electronically filed the foregoing with the Clerk of Court and a copy by using the CM/ECF system which will send a notice of electronic filing.

        /s/ ROBERT S. REICH