UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF ANTILL PIPELINE CONSTRUCTION CO., AS OWNER OF THE BARGE LML 103 AND M/V RUTH R, AND AS ALLEGED CHARTERER OF THE BARGE GD 897 FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO: 09-3646<br>c/w 10-2633<br><br>SECTION "C" (2)<br><br>PERTAINS TO 09-3646 |

### ORDER AND REASONS

Before this Court are Cross-Motions for Summary Judgment filed by Tarpon Rentals, Inc. ("Tarpon"), (Rec. Doc. 66), and State Farm Fire and Casualty Company ("State Farm"), (Rec. Doc. 131). Having considered the record, the memorandum of counsel, and applicable law, the Motions are both DENIED for the following reasons.

### I. BACKGROUND

During the night of May 20, 2009 five passengers of a recreational vessel were killed when that vessel allided with a moored barge near Falgoust Canal in Terrebonne Parish, Louisiana. (Rec. Doc. 66-1 at 1). The owner of the recreational vessel was Michael Carrere who was one of the five individuals killed in the accident. *Id.* Carrere was also a co-owner of Tarpon, which is in the business of renting equipment for the oilfield industry. *Id.* at 2. All of the other passengers on Carrere's vessel were also in the oil industry and were in the vicinity for the Houma Oilman's Fishing Invitational, which began the next morning. *Id.* All of the passengers were personal friends of a Mr. Voss - who was also a passenger - and Voss had invited the other passengers to spend the night at his camp. *Id.* They were on their way back to Voss's camp from a crawfish boil when the fatal allision occurred. *Id.*

In its Motion for Summary Judgement, Tarpon argues that it is not liable for the fatal

accident because Carrere was using his boat in his personal capacity, which was in no way related to Tarpon's business, and because Tarpon has no ownership interest in the vessel. *Id.* In response, State Farm argues that Carrere's corporate responsibilities were to entertain Tarpon's current and potential clients, which was precisely what he was doing on the night in question. (Rec. Doc. 131-2 at 2). State Farm argues that Carrere's insurance policy does not cover the accident in question because it excludes accidents that occur while a watercraft is used for any business purpose. *Id.* at 8.

## II. LAW AND ANALYSIS

### A. Standard of Review

Summary judgment is only proper when the record indicates that there is not a "genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986); *see also Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.,* 784 F.2d 577, 578 (5th Cir. 1986).

The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its initial burden, however, "the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir.

1995). In order to satisfy its burden, the non-moving party must put forth competent evidence and cannot rely on "unsubstantiated assertions" and "conclusory allegations." *See e.g., Hopper v. Frank*, 16 F.3d 92 (5th Cir. 1994); *Lujan v. Nat'l. Wildlife Fed'n.*, 497 U.S. 871, 871-73 (1990); *Donaghey v. Ocean Drilling & Exploration Co.,* 974 F.2d 646, 649 (5th Cir. 1992).

## *B. Analysis*

Both of the Motions before the Court turn on the question of whether Carrere was conducting business activities at the time of the fatal boat accident. It is undisputed that Carrere was responsible for entertaining clients and potential clients of Tarpon. (Rec. Doc. 135 at 2; Rec. Doc. 149 at 8). It is also undisputed that Tarpon had paid $20,000 for the engine of the boat that Carrere was using on the night in question. (Rec. Doc. 135 at 2). Finally, it is undisputed that Tarpon was hosting 16 entrants to the Houma Oilman's Fishing Invitational, which included Carrere, and that Carrere was the lead contact for the Tarpon team. (Rec. Doc. 131-2 at 3).

As all five individuals who were on the boat heading to Mr. Voss's camp were killed in the accident, there is no direct testimony as to what type of activity they were engaged in. Tarpon suggests that the deposition of Mr. Voss's only surviving guest indicates that the five decedents were just friends attempting to relax the night before the fishing tournament began. (Rec. Doc. 149 at 2). This seems to be corroborated by the fact that none of Tarpon's sponsored entrants, other than Carrere himself, were at the crawfish boil or were invited to spend the night at Mr. Voss's camp. *Id.* at 3. Rather, all of Tarpon's sponsored contestants were spending the night at Carrere's houseboat, which was used to entertain clients. *Id.* Moreover, all of the other decedents were being sponsored by other companies. *Id.* Finally, all of the decedents were personal friends of Mr. Voss, further suggesting a recreational purpose to the events leading up to the tragic accident. (Rec. Doc. 66-1 at 2).

3

However, State Farm argues that the precise sponsorship of the decedents is not determinative of whether Carrere was acting in his professional capacity as a "rainmaker" for Tarpon. (Rec. Doc. 135 at 4). Specifically, State Farm suggests that under *Emert v. Hartford Insurance Co.*, 559 S.2d 467 (La. 1990), a higher standard of vicarious liability attaches to Carrere's actions because he was an executive and one-third owner of Tarpon. *Id.* at 7. State Farm points out that hunting and fishing with people in the oil business was squarely within the scope of Carrere's employment and therefore Tarpon is vicariously liable for the accident in this case. *Id.* at 4-5. State Farm further points to Tarpon's practice of treating Carrere's boating expenses as legitimate business expenses as evidence that Carrere was acting within the scope of his employment at the time of the accident. *Id.* at 2. Finally, State Farm argues that since Tarpon's corporate representative believed that Carrere was in the area to entertain clients and create new business, then Carrere was in fact using his boat for a business purpose and therefore State Farm is not liable for the accident in this case. (Rec. Doc. 131-2 at 11).

In light of the above evidence this Court finds that there is a genuine issue of fact regarding the question of whether Carrere was acting within the scope of his employment at the moment of the fatal accident.

In *Emert* the Louisiana Supreme Court held that in a negligence action, a court need only determine whether a servant's general activities at the time of the tort were within the scope of his employment. *Emert*, 559 So.2d at 478. The *Emert* court further held that an executive acts within the scope of his employment when the purpose of serving the master's business actuates the servant to any appreciable extent. *Id.* at 477. However, in this case there is conflicting evidence as to whether Carrere was attempting to benefit Tarpon through the use of his boat on the night in question.

While Tarpon did pay Carrere for some of the boat's expenses in hopes that Carrere would

4

generate future business through the use of the boat, the Louisiana Supreme Court has found that the intent of a business in paying for a recreation activity does not in itself create vicarious liability. *Richard v. Hall*, 874 So.2d 131, 140 (La. 4/23/04).  Rather the relevant questions are how Carrere used the boat in practice and what motivated Carrere in using his boat on the night in question. However, in *Emert* the question of motivation was determined by a fact-finder after trial, not on motions for summary judgment.  *Emert*, 559 So.2d at 471.  In this case the undisputed facts do not establish that either party is entitled to judgment as a matter of law.  Since there are genuine issues of disputed fact regarding whether Carrere was acting within the scope of his employment, this Court will not grant summary judgment to either party.

### III. CONCLUSION

Accordingly,

IT IS SO ORDERED that Tarpon's Motion for Summary Judgment is DENIED. (Rec. Doc. 66).

IT IS FURTHER ORDERED that State Farm's Motion for Summary Judgment is DENIED. (Rec. Doc. 131).

New Orleans, Louisiana, this 7th day of February, 2011.

HELEN G. BERRIGAN  
UNITED STATES DISTRICT JUDGE