**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF ANTILL PIPELINE CONSTRUCTION CO., INC., AS OWNER OF THE BARGE LML 103 AND M/V RUTH R, AND AS ALLEGED CHARTERER OF THE BARGE GD 897 FOR EXONERATION FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br>NO:   09-3646<br><br>SECTION: "C"(2) |

**ORDER AND REASONS**[1]

Before the Court is Antill Pipeline Construction Company's Motion to Dismiss Counterclaim of Tarpon Rentals, Inc. (Rec. Doc. 133). Having considered the record, memoranda of counsel, and the applicable law, the Motion is hereby GRANTED for the reasons set forth below.

**I. BACKGROUND**

The applicable facts have been set forth in detail in Rec. Doc. 182 and will not be restated here except as necessary. After an incident in which a small craft allided with a barge or barges owned by Antill Pipeline Construction Company ("Antill"), Antill filed a petition for exoneration from or limitation of liability in this Court, pursuant to 46 U.S.C. § 30501, *et seq*. (Rec. Doc. 1). Five persons aboard the small craft died as a result of the allision.

After learning that the operator of the small craft, Michael James Carrere ("Carrere") was an employee of Tarpon Rentals, Inc. ("Tarpon Rentals"), Antill filed a third-party complaint against Tarpon and others, alleging that Carrere was acting within the course and scope of his employment when the incident occurred. (Rec. Doc. 19). Tarpon, in turn, filed a counterclaim against Antill, in

---

[1] Gillian Gurley, a third-year law student at Tulane University, assisted in the preparation of this document.

1

which it alleged that Antill's negligence was the cause of the allision, and that Tarpon was not liable in any way because Carrere was not operating the vessel in the course and scope of his employment, nor did Tarpon have an ownership interest in the vessel. (Rec. Doc. 41 at 3-4). In its Counterclaim, Tarpon alleged that Antill's negligence caused damage to it in three principal ways: 1) by proximately causing the death of Tarpon's principal, Carrere, Antill damaged Tarpon's ability to compete and attract new customers; 2) Antill's negligence proximately caused irreparable harm to the goodwill value of Tarpon's business; 3) Antill's negligence caused Tarpon to expend resources in defending itself. (Rec. Doc. 41 at 4-5). Tarpon seeks indemnity from Antill for the claims filed against it as a result of the allision, and damages for the harm to its business reputation and for losses resulting from the death of its "key man," Carrere. (Rec. Doc. 41 at 5).

Antill's subsequent Motion to Dismiss Counterclaim is the subject of the present Order and Reasons. (Rec. Doc. 133). First, Antill argues that the tort indemnity theory Tarpon propounds is not applicable in this case, and instead the comparative fault principles of *United States v. Reliable Transfer Co.* should apply. 421 U.S. 397 (1975). Second, Antill argues that under general maritime law, Tarpon may not recover purely economic losses for damages to its business reputation and public goodwill, because *Robins Dry Dock & Repair Co. v. Flint* precludes recovery for economic losses when there has been no physical damage to a proprietary interest. 275 U.S. 303 (1927). Third, Antill argues that Tarpon may not recover damages for the death of its employee under either general maritime law or Louisiana law, because Tarpon is not within a recognized class of beneficiaries for wrongful death claims. (Rec. Doc. 133-1 at 5-6). The Court addresses each of these matters in turn.

## II. LAW & ANALYSIS

2

**A. Standard of Review & Jurisdiction**

Antill moves for dismissal of the counterclaim submitted by Tarpon Rentals pursuant to Federal Rule of Civil Procedure 12(b)(6), on the ground that the former failed to state a claim upon which relief can be granted. When considering a motion to dismiss under Rule 12(b)(6), the Court must take the well-pleaded factual allegations of the complaint as true. *See In Re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007). To succeed, Tarpon must plead sufficient facts to state a claim for relief that is "plausible on its face." *Id*. Neither conclusory allegations nor legal conclusions substituted for factual ones will suffice to prevent dismissal. *See United States ex rel. Bain v. Georgia Gulf Corp.*, 386 F.3d 648, 654 (5th Cir. 2004). As stated by the United States Supreme Court in *Bell Atlantic Corp. v. Twombly*,

> [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations...a plaintiff's obligation to provide 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level.

550 U.S. 544, 555 (2007) (internal citations omitted). This Court must accept well-pleaded facts as true and draw reasonable inferences in favor of Tarpon. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir 2009).

This action is subject to the Court's admiralty jurisdiction, granted to district courts for "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1). There is no dispute between the parties that admiralty jurisdiction applies. Admiralty tort jurisdiction exists when an incident occurs on navigable waters and has a substantial relationship to traditional maritime activity. (*See Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 533-34 (1995)). Here, the allision occurred in Falgout Canal, which is listed as a navigable waterway by the United States

3

Coast Guard. *See* 33 C.F.R. § 117.444 (1991). The incident, an allision between a small craft and a barge or barges that were moored in Falgout Canal, had a sufficient connection to traditional maritime activity to establish the second prong of admiralty tort jurisdiction. (*See Foremost Ins. Co. v. Richardson*, 457 U.S. 668, 674 (1982)). Whether it was being used for business or pleasure by Carrere, the allision of the small craft with Antill's barge or barges satisfies the requirement that the activity have a significant relationship with maritime commerce. "The potential disruptive impact of a collision between boats on navigable waters, when coupled with the traditional concern that admiralty law holds for navigation, compels the conclusion that this collision...on navigable waters has a significant relationship with maritime commerce." *Id*. at 675. Despite the limited nature of the facts before the Court, it seems evident, and there is no dispute, that admiralty jurisdiction exists.

### B. Tarpon's Tort Indemnity Claim

While alleging its complete freedom from negligence, Tarpon seeks indemnification from Antill for any award rendered against it. (Rec. Doc. 41 at 5). General maritime law, however, "no longer recognizes a plethora of tort indemnity theories." *Hardy v. Gulf Oil Corp.*, 949 F.2d 826, 833 (5th Cir. 1992). In fact, after *Reliable Transfer*, principles of comparative fault apply in both property damage and personal injury cases. 421 U.S. at 411; *see also Loose v. Offshore Nav., Inc.*, 670 F.2d 493, 500 (5th Cir. 1982). Only a few narrow situations remain in which theories of tort indemnity may properly be asserted, one example of which is where two parties have an express contractual indemnity agreement. Such an agreement is generally enforceable under maritime law. *Hardy*, 949 F.2d at 834, (citing *American Stevedores v. Porello*, 330 U.S. 446 (1947)).

Tarpon argues that a third variety of tort indemnity applies, that a non-negligent tortfeasor may be entitled to indemnity from a co-debtor that is actually at fault, and cites *Marathon Pipe Line Co. v. Drilling Rig ROWAN/ODESSA*. 761 F.2d 229, 236 (5th Cir. 1985). In *Marathon*, the Fifth

Circuit held that the user of a defective product could be indemnified by the product's manufacturer when that product failed because of a manufacturing defect and caused damages. *Id*. at 236. Tarpon alleges that it is a non-negligent party and also that it cannot be vicariously liable as Carrere's employer, because it was neither the owner of the vessel driven by Carrere, nor was Carrere acting in the course and scope of his employment at the time of the incident. (Rec. Doc. 155 at 4).

According to *Hardy*, Tarpon is not the kind of defendant to whom *Marathon*'s indemnity principles apply. 949 F.2d at 833. "Instead, [Tarpon] is an ordinary defendant that owes the plaintiff damages only if the jury agrees that it was negligent. An ordinary defendant, such as [Tarpon], is adequately protected under the comparative negligence system." *Id*. The principles of vicarious liability for employers require that they step into the shoes of a negligent employee when sued by an injured party. Though Tarpon may have been "non-negligent" in a technical sense, it can still be liable if the negligence of its employee caused damage to a third party. Vicarious liability of employers, in other words, is distinguishable from the right to indemnification of a non-negligent tortfeasor such as the party in *Marathon*. Taking Tarpon's pleaded facts as true, it is not entitled to indemnity from Antill.

### C. Tarpon's Claim for Damage to its Goodwill and Business Reputation

Tarpon also seeks to recover damages from Antill for losses to its goodwill and business reputation as a result of the death of its principal, Carrere. (Rec. Doc. 41 at 5). Antill argues that Tarpon fails to state a claim on this matter because *Robins Dry Dock* precludes recovery for economic losses. (Rec. Doc. 133-1 at 7). *Robins* attempts to draw a bright line for recovery of economic damages in maritime tort situations, by requiring that a party seeking economic damages–such as for loss of business reputation–first prove that it has suffered some physical injury to a proprietary interest. 275 U.S. at 309; *State of La. ex rel. Guste v. M/V Testbank*, 728 F.2d 748, 749-50 (5th Cir. 1984).

First, Tarpon tries to distinguish *Robins* on its facts, claiming it has little relevance if any to Tarpon's claims. (Rec. Doc. 155 at 8). *Robins* dealt with the question of whether a third party charterer could recover against a drydock repair company whose negligence delayed the repair of a vessel with whom the charterer had contracted. 275 U.S. at 308. The Supreme Court answered in the negative: "as a general rule, at least, a tort to the person or property of one man does not make the tort-feasor liable to another merely because the injured person was under a contract with that other unknown to the doer of the wrong." *Id*. at 309. The Fifth Circuit built upon this holding in *Testbank*, where it held, "in a suit based upon the alleged negligence of a defendant, a plaintiff cannot recover consequential economic losses if the alleged negligence has not caused any physical damage to the property or person of the plaintiff." 728 F.2d at 749-50.

Taking Tarpon's pleaded facts as true, the small craft in which Carrere was traveling at the time of the allision did not belong to Tarpon, and Carrere was not conducting any business on Tarpon's behalf at the time of his death. (Rec. Doc. 155 at 4). Tarpon argues that because Carrere was its "rainmaker," his death qualifies as physical injury to its proprietary interest and thus economic losses flowing from his death pass the *Robins* test. (Rec. Doc. 155 at 9). The requirements for a proprietary interest are 1) actual possession or control, 2) responsibility for repair, and 3) responsibility for maintenance. *IMTT-Gretna v. Robert E. Lee SS*, 993 F.2d 1193, 1194 (5th Cir. 1993). These features do not contemplate the sort of proprietary interest that Tarpon alleges it has in Carrere as its employee.

### D. Tarpon's Damage Claim for Carrere's Death

Finally, Tarpon seeks general damages from Antill resulting from the death of Carrere. (Rec. Doc. 155 at 6). Were Tarpon seeking damages for Carrere's wrongful death, Antill would be correct in noting that Tarpon, as employer, is not within the intended class of beneficiaries, under either general maritime law or Louisiana state law. (Rec. Doc. 170-2 at 4-5). Tarpon, however, analogizes

6

its situation to cases in which courts recognized that corporations may have an insurable interest in their employees. Tarpon is correct in noting that under certain circumstances, a corporation may recover on an insurance policy for losses when a "key man" is injured by a third party. Tarpon fails to demonstrate, however, how the existence of an insurable interest in the life of Carrere affects the viability of its claim against Antill for Carrere's death. For the same reason that Tarpon's claim for damages to its business reputation and goodwill value can not survive a motion to dismiss, its claim for damages arising out of Carrere's death cannot survive the 12(b)(6) Motion.

### III. CONCLUSION

As indicated by the foregoing discussion, Tarpon has failed to state a claim for which relief may be granted against Antill.

Accordingly,

IT IS ORDERED that Antill Pipeline Construction Company's Motion to Dismiss Counterclaim of Tarpon Rentals, Inc. is hereby GRANTED. (Rec. Doc. 133).

New Orleans, Louisiana, this 14th day of February, 2011.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**