UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  ANTILL PIPELINE CONSTRUCTION          CIVIL ACTION
            COMPANY, INC., ETC.
                                                                              NO. 09-3646 c/w NO. 10-2633

                                                                              SECTION "C"(2)

**ORDER ON MOTION**

APPEARANCES:   None (on the briefs)

MOTION:   Motion of Petitioner-in-Limitation, Antill Pipeline Construction Co., Inc., to Quash and for Protective Order, Record Doc. No. 237

O R D E R E D:

 XXX : DENIED, subject to the condition contained herein. The subject deposition notice does not seek the kind of extraneous information that the Diamond State and Medmarc decisions cited by movant excluded from discovery. Instead, it seeks the same kind of information that is so relevant and useful to litigation of this sort that it has been made the subject of the mandatory disclosure requirements in Fed. R. Civ. P. 26(a)(1)(A)(iv). Like the required disclosure information, the deposition notice seeks "basic information that is needed in most cases to prepare for trial or make an informed decision about settlement." Official Advisory Committee Notes to 1993 Amendments to the Federal Rules of Civil Procedure, Federal Civil Judicial Procedure and Rules at 160 (West Pamph. 2011ed.) Indeed, I have found during the course of countless settlement conferences conducted in similar cases over the past 16 years that exactly the kind of information sought through this deposition has already been voluntarily disclosed by the insured party. In a more accommodating litigation world, where the spirit of Fed. R. Civ. P. 37(a)(1) might be more closely honored than its mere technical requirements, this information would already have been provided by Antill, pursuant to Fed. R. Civ. P. 26(e)(1), as the court whose decisions are cited by claimants required. Since Antill or its counsel either cannot or will not do so, this discovery will be permitted, and the deposition must proceed as noticed, unless formal disclosure of the requested information by Antill pursuant to Fed. R. Civ. P. 26(e)(1) occurs no later than two (2) days before that date.

New Orleans, Louisiana, this   15th   day of June, 2011.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE