MINUTE ENTRY
WILKINSON, M. J.
AUGUST 3, 2011

                      UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE:  ANTILL PIPELINE CONSTRUCTION COMPANY, INC., ETC. | CIVIL ACTION<br><br>NO. 09-3646<br>      c/w 10-2633<br><br>SECTION "C"(2) |

## HEARING AND ORDER ON MOTION

APPEARANCES:   Thomas K. Morrison and Colin Cambre, representing Martin Marietta Materials, Inc.; Francis Jurovich, representing Antill Pipeline Construction Co., Inc.

MOTION:   (1) Motion of Martin Marietta Materials, Inc. ("MMM"), to Quash, Record Doc. No. 278; (2) Motion of Petitioner-in-Limitation, Antill Pipeline Construction Co., Inc. ("Antill"), for Sanctions, Record Doc. No. 306

O R D E R E D:

 (1) : GRANTED IN PART AND DENIED IN PART, subject to the limitations contained herein.  MMM essentially makes four (4) kinds of objections to the subject Rule 30(b)(6) notice and related Rule 30(b)(2) requests for production.

      Its first objection to numerous Areas of Inquiry and Requests for Production is that those concerning MMM's movement, placement, mooring or lighting of the barge involved in the subject incident are irrelevant or not reasonably calculated to lead to the discovery of admissible evidence because the evidence developed to date indicates that MMM had no role in such activities in connection with the incident. Except as otherwise provided herein, this objection is overruled and the motion is denied. Discovery is permitted as to "any party's claim or defense . . ." Fed. R. Civ. P. 26(b)(1).  Reduced to its basic thrust, MMM's objection appears to be that it will prevail on its defense that it had nothing to do with movement, placement, mooring or lighting of the barge involved in the subject

MJSTAR:  0 : 15

incident. This is not the discovery standard. Claims and defenses asserted and at issue in this action include that MMM was or should have been involved in or responsible for movement, placement, mooring or lighting of the barge involved in the subject incident. The opposition memorandum points to evidence (while perhaps weak) and pleadings establishing that this is a claim or defense at issue in this case. Thus, these matters are discoverable, with the following limitations: Areas of Inquiry Nos. 25 and 26 and related Requests for Production Nos. 24 and 25 are overly broad as written. **IT IS ORDERED** that the motion is granted in part in that these four (4) items are hereby limited to matters that were in place or applicable to the time of the incident that is the basis of this lawsuit.

In addition, Area of Inquiry No. 32 and Request for Production No. 30 relate to the personnel files of non-party employees of MMM. Discovery of the personnel files of non-party individual employees presents special concerns about the privacy rights of the individuals involved. Certainly, employment personnel files can be expected to contain much information that is personal and private, including medical records and personal data identifiers of the type contemplated by Fed. R. Civ. P. 5.2(a), and that is irrelevant to a particular lawsuit. This does not mean that a party is never entitled to discover the personnel files of an opponent's employees or that everything contained in them is irrelevant. The court must balance the interests of the parties in obtaining relevant discovery against the privacy interests of individual non-parties. Thus, "a district court has discretion to determine whether discovery of such files is warranted." Davis v. Precoat Metals, No. 01 C 5689, 2002 WL 1759828 (N.D. Ill. July 29, 2002) (citing Gehring v. Case Corp., 43 F.3d 340, 342 (7th Cir. 1994); Knoll v. American Tel. & Tel. Co., 176 F.3d 359, 365 (6th Cir. 1999); Atkinson v. Denton Publ'g Co., 84 F.3d 144, 148 (5th Cir. 1996)). As in Atkinson, before production of such documents might be ordered, it appears that in camera inspection of the documents would perhaps be appropriate (at some future point in time) to determine both their relevance and their need for confidentiality, if any. Id. Accordingly, **IT IS FURTHER ORDERED** that in providing testimony responsive to Area of Inquiry No. 32, MMM may designate orally on the record of the deposition that information provided in the deposition from the personnel file of a non-party employee shall be kept confidential and used only for purposes of this litigation and shall not be disclosed to any one except parties to this litigation, the parties' counsel and experts retained in connection with this litigation. All persons to whom such information is disclosed shall sign an affidavit that must be filed into the record, agreeing to the terms of the protective order and submitting to the jurisdiction of this court for enforcement of those terms. **IT IS FURTHER ORDERED** that MMM need produce no personnel files responsive to Request No. 30 at this time. If after the Rule 30(b)(6) deposition, Antill seeks the personnel file of any particular named employee, it must file a new motion for in camera review and to compel production of any particular employee personnel file, establishing the purported relevance of any such file, noticed for submission before me.

MMM's second objection is that Areas of Inquiry Nos. 9, 11 and 22 and Requests for Production Nos. 11, 13 and 21 call for information that may be privileged or work product. The motion is granted in part in that privilege or work product objections are specifically preserved. Any question at the Rule 30(b)(6) deposition seeking privileged or work product information is subject to objection and instruction not to answer pursuant to Fed. R. Civ. P. 30(c)(2), and responsive privileged or work product tangible items need not be produced, subject to the requirement that MMM must provide the privilege log required by Fed. R. Civ. P. 26(b)(5), with any dispute reserved for determination by subsequent motion. The motion is denied as to the non-privileged components of these requests.

MMM's third objection is that Area of Inquiry No. 39 and Request for Production No. 40 are vague, overly broad and unduly burdensome. These objections are overruled, and the motion is denied as to these items.

Finally, MMM objects to Areas of Inquiry Nos. 14, 23 and 37 and Requests for Production Nos. 36, 22 and 38, essentially on grounds that MMM has no responsive information or materials in its possession, custody or control or that responsive information or materials should be obtained from some other "best source." Record Doc. No. 278-1 at p. 8. These objections are overruled, and the motion is denied as to these items. If MMM has no such information or materials in its possession, custody or control, then that should be the testimony of its Rule 30(b)(6) deposition designee and the content of its written response to these Requests for Production. If MMM has such responsive information or materials, however, they must be provided.

The motion is granted and all objections are sustained as to Areas of Inquiry No. 15 and 28 and Requests for Production Nos. 16, 28 and 37. These items are, at best, related only to the subject matter of this lawsuit, not the claims or defenses, and "good cause" to expand the scope of discovery to subject matter, as required by Fed. R. Civ. P. 26(b)(1), as to these items has not been shown by Antill.

(2) : DENIED. My prior order required that the deposition proceed concerning areas of inquiry as to which there was no objection, while the motion to quash was briefed and decided. MMM's counsel properly instructed the witness not to answer, relying upon my order limiting Phase I of the deposition to matters not addressed in the pending motion to quash. Fed. R. Civ. P. 30(c)(2). No sanctions are warranted.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE