UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:  ANTILL PIPELINE CONSTRUCTION                    CIVIL ACTION
        COMPANY, INC., ETC.

                                                          NO. 09-3646
                                                          & consol'd cases

                                                          SECTION "C"(2)

**ORDER ON MOTIONS**

APPEARANCES:  None (on the briefs)

MOTIONS:        (1)    Claimant Flak's and Claimant Gauthier's Motion to Quash Notices of Depositions on Written Questions and Subpoenas Duces Tecum, Record Doc. No. 469 (adopted by Claimant Brandy Frommeyer Carrere, Record Doc. Nos. 473 and 475)
                        (2)    Voss Claimants' Motion to Quash Non-Party Subpoenas and for Protective Order and for Sanctions, Record Doc. No. 471 (adopted by Claimant Brandy Frommeyer Carrere, Record Doc. Nos. 473 and 475)

O R D E R E D:

 (1), (2) : DENIED, subject to the protective order contained herein. The motion is denied insofar as it relates to the eight (8) subject subpoenas that were issued from courts other than the Eastern District of Louisiana. Fed. R. Civ. P. 45(c) controls disposition of these motions concerning the subpoenas issued by other courts. In the absence of transfer to this court, see United States v. Star Scientific, Inc., 205 F. Supp. 2d 482, 484-88 (D. Md. 2002) (and cases cited therein), the Rule is "clear that motions to quash, modify, or condition the subpoena [issued to non-parties] are to be made in the district court of the district from which the subpoena issued." 9A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure:  Civil 3d § 2463.1 at 485 (Thomson West 2008) (citing Brown v. Braddick, 595 F.2d 961, 964 (5th Cir. 1979)) (hereinafter "Wright and Miller") (additional citations omitted) (emphasis added); Fed. R. Civ. P. 45(c)(3)(A) and (B). "It is the issuing court that has the necessary jurisdiction over the party issuing the subpoena and the person served with it to enforce the subpoena." Wright and Miller, § 2463.1 at 485.  In this case, the United States District Courts for the Southern District of Texas, the Districts of Massachusetts, New Jersey and Arizona, and the Northern District of New York, Eastern District of Pennsylvania and Eastern District of Virginia–not this court–have the authority to quash or modify the subpoenas.

The motion is denied as to the three subpoenas issued by this court. This court's previous orders, Record Doc. Nos. 390-93, concerning requests to claimants, as opposed to third parties, for production of similar kinds of materials, do not control. The previous orders denied a requested order compelling claimants to produce these materials based principally upon the Rule 26(b)(2)(C)(i) and (iii) proportionality balancing of burden etc. on claimants when compared to the tangential relevance of the materials. The burdens imposed by these subpoenas are principally upon the party that issued them and on the subpoena recipients, who are in the business of accumulating and maintaining these materials and whose reasonable costs will be reimbursed to them. These three subpoena recipients have not themselves complained about any burden. Thus, the Rule 26(b)(2) proportionality evaluation yields a different result when considering requests to banks as opposed to claimants and the more closely applicable standard of Fed. R. Civ. P. 45(c). Accordingly, the subpoenas issued by this court to Synergy Bank, First American Bank and Hibernia National Bank are not quashed. However, given the private and personally sensitive nature of the requested materials,

**IT IS FURTHER ORDERED** that all records produced by Synergy Bank, First American Bank and Hibernia National Bank in response to the subpoenas are subject to the following protective order. All information produced in accordance with this order must be marked and kept confidential and used only for purposes of this litigation and must not be disclosed to any one except parties to this litigation, the parties' counsel of record and experts retained in connection with this litigation. All persons to whom such information is disclosed must sign an affidavit that must be filed into the record, agreeing to the terms of the protective order and submitting to the jurisdiction of this court for enforcement of those terms. All reasonable costs of producing the responsive materials must be paid by Antill Pipeline Construction Co., Inc. In addition, no later than within seven (7) days of its receipt of materials responsive to the subpoenas, Antill must at its cost (and without cost to any other party) make copies of all responsive materials and produce them to counsel for all other parties to this action. If any party seeks to add other terms to this protective order, counsel must confer immediately and submit by motion any proposed protective order.

All requests for awards of sanctions by both sides are denied. The motion has been granted in part and denied in part. Under the circumstances presented by this case, I find that all parties should bear their own expenses in connection with these motions.

New Orleans, Louisiana, this ___7th___ day of March, 2012.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

2