UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF ANTILL PIPELINE CONSTRUCTION CO., INC., AS OWNER OF THE BARGE LML 103 AND M/V RUTH R, AND AS ALLEGED CHARTERER OF THE BARGE GD 897 FOR EXONERATION FROM OR LIMITATION OF LIABILITY | * CIVIL ACTION NO. 09-3646<br>*             c/w 10-2633<br>*             c/w 11-3058<br>*<br>* SECTION C-2<br>*<br>* JUDGE HELEN G. BERRIGAN<br>* |
| **Applies to: 09-3646** | *MAG. JOSEPH C. WILKINSON, JR.<br>* |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*** \*

*EX PARTE* UNOPPOSED MOTION TO EXTEND DEADLINES TO
COMPLETE DISCOVERY AND FILE PRE-TRIAL MOTIONS AS SOLEY CONCERNS
CUDD PRESSURE CONTROL, INC AND PATTERSON SERVICES, INC.

**NOW INTO COURT**, through undersigned counsel, comes petitioner-in-limitation, Antill Pipeline Construction, Inc. (hereinafter "Antill"), owner of the Barge LML 103 and M/V RUTH R, and files the instant *Ex Parte* Unopposed Motion to Extend Deadlines to Complete Discovery and File Pre-Trial Motions as Solely Concerns Cudd Pressure Control, Inc. and Patterson Services, Inc.

As the Court's record will reflect, Cudd Pressure Control, Inc. and Patterson Services, Inc. (hereinafter collectively "Cudd and Patterson") filed a Motion to Dismiss/Motion for Summary Judgment seeking dismissal of the claims asserted against them by Antill.[1]  Thereafter, Antill and Cudd and Patterson attempted to schedule Cudd and Patterson's corporate deposition so that Antill might submit a complete opposition to Cudd and Patterson's Motion to Dismiss/Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56.  The parties were unable to schedule Cudd and Patterson's deposition due to scheduling conflicts and accordingly submitted an *Ex Parte* Unopposed Motion requesting that the submission date of

---
[1] Rec. Doc. No. 520.

Cudd and Patterson's Motion to Dismiss/Motion for Summary Judgment be continued to August 1, 2012[2] which this Court granted.[3] Since this time, Antill and Cudd and Patterson have attempted to schedule Cudd and Patterson's depositions but have been unable to do so again due to scheduling conflicts. Accordingly, Antill moves this Court to continue the hearing on Cudd and Patterson's Motion to Dismiss/Motion for Summary Judgment from August 1, 2012 to August 29, 2012. The parties aver that this should provide Antill sufficient time to obtain Cudd and Patterson's depositions and file its opposition to Cudd and Patterson's Motion to Dismiss/Motion for Summary Judgment, along with any necessary discovery motions related to Cudd and Patterson's depositions.

The Scheduling Order notes that August 1, 2012 is the deadline for hearing pre-trial motions and that August 13, 2012 as the deadline to complete discovery.[4] As such, Antill further requests that the Court grant leave to extend these deadlines to August 29 and 24, 2012, respectively. Antill has contacted all counsel of record and has been advised that they do not object to or oppose the instant Ex Parte Unopposed Motion.

**A. Federal Rule of Civil Procedure 16:**

In instances where a scheduling order has been issued, such as here, the Court may allow modification of the scheduling order where good cause is shown by the movant.[5] In determining the existence of "good cause," a court will consider the following four factors:

> (1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a

---

[2] Rec. Doc. No. 529.
[3] Rec. Doc. No. 530.
[4] Rec. Doc. No. 446.
[5] Fed. Rules Civ. Pro. Rule 16(b)(4). *See Auto-Owners Ins. Co. v. City of Daytona Beach*, 648 F. Supp. 2d 1371, 1377-78 (M.D. Fl. 2009) (finding that good cause exists under Rule 16 to allow proposed third-party plaintiff leave to file Third-Party Complaint five and a half months after the applicable Scheduling Order deadline to avoid "multiple lawsuits, possibly filed in separate courts, involving the same set of facts, issues, and players," as well as the potential for inconsistent results stemming from separate lawsuits).

continuance to cure such prejudice.[6]

As to the first factor, Antill avers that this Ex Parte Unopposed Motion is not untimely given that as of the date of its filing, the deadline for hearing of pre-trial motions and to complete discovery have not passed. Regarding the second factor, the importance of this Ex Parte Motion is evident given that the granting of it will allow Antill the opportunity to obtain complete evidence to file an opposition to Cudd and Patterson's Motion to Dismiss/Motion for Summary Judgment in accordance with Federal Rule of Civil Procedure 56. Moreover, allowing the parties sufficient time to complete discovery will promote judicial efficiency and economy by minimizing the possibility of a mistrial in this matter and/or an appeal of any final judgments. As to the third factor, no parties will be prejudiced given that the proposed extended deadlines do not go beyond the final pre-trial conference date of September 11, 2012 and trial date of September 24, 2012. In addition, the parties have indicated that they will not be prejudiced by consenting to this *Ex Parte* Unopposed Motion. Finally, no continuance is necessary given that the parties will not be prejudice.

Accordingly, this Court should find that good cause exists to amend the Scheduling Order for the limited purposes of completing discovery and filing pre-trial motions as solely concerns Cudd and Patterson's corporate depositions.

          Respectfully submitted,
          **REICH, ALBUM & PLUNKETT, LLC**

          /s/ ROBERT S. REICH
          **ROBERT S. REICH, T.A. (#11663)**
          **LAWRENCE R. PLUNKETT, JR. (#19739)**
          **FRANCIS A. JUROVICH, III (#31212)**
          Two Lakeway, Suite 1000
          3850 N. Causeway Blvd.

---

[6] *Joyce Barrois v. Fireman's Fund Ins. Co.*, No. 09-380, 2010 U.S. Dist. LEXIS 37474, at *7-8 (E.D. La. Mar. 9, 2010) (citations omitted).

Metairie, Louisiana 70002<br>
Tel: (504) 830-3999<br>
Fax: (504) 830-3950<br>
E-mail: rreich@rapllclaw.com<br>
lplunkett@rapllclaw.com<br>
fjurovich@rapllclaw.com<br>
*Attorneys for Antill Pipeline*<br>
*Construction Co., Inc.*

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record who are authorized to receive electronic service on this 17th day of July, 2012.

/s/ ROBERT S. REICH