UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF THE COMPLAINT          CIVIL ACTION
OF ANTILL PIPELINE CONSTRUCTION CO.,
INC.                                     NO. 09-3646 c/w 10-2633 & 11-
                                         3058
                                         Relates to: 09-3646 & 11-3058

                                         SECTION "C" (2)

AND

ANTILL PIPELINE CONSTRUCTION CO., INC.   CIVIL ACTION

VERSUS                                   NO. 12-1309

W&T OFFSHORE, INC., ET AL                SECTION "C" (5)


ORDER AND REASONS

This matter comes before the Court on the following motions: (1) motion to

deconsolidate filed by International Placement Services, Inc. ("IPS")[1] and Chartis

Specialty Insurance Company ("Chartis"), Rec. Doc. 536; (2) motion for review of and

objection to order from magistrate judge filed by Antill Pipeline Construction Co., Inc.

("Antill"); and (3)motion to consolidate filed by Antill in Civ. Act. 12-1309 "C" (5).

_____

[1]International Placement Services, Inc., a wholesale insurance broker, has also filed
its own motion for summary judgment, which is unopposed and is being granted herein.
Rec. Doc. 525.

Having reviewed the records, the memoranda of counsel and the law, the Court rules as follows.

These three motions present the common issue of the propriety of trying new claims with older ones as part of the consolidated actions. That issue focuses on the untimeliness of new claims asserted by Antill and the propriety of trying a separately filed declaratory action by Tarpon Rental, Inc. ("Tarpon") against its excess insurer in December 2011 as part of these consolidated matters.

This Court intends to resolve this litigation with a single trial.

With regard to the motion to deconsolidate filed by IPS and Chartis, the Court notes that the defendants' post-consolidation decision to refrain from participating in discovery over the past few months was their own. In addition, both defendants have motions for summary judgment pending. Rec. Docs. 521, 525. Although the subject declaratory action was filed prior to the scheduling order and technically timely, substantial discovery had been completed prior to filing.

The claims made by Antill raised in the latter two motions present a totally different picture. Antill presents no explanation for its untimeliness in moving to add third-party claims against Chartis, American International Specialty Lines Insurance Company, IPS and First Mercury Insurance Company or in filing the separate suit. Instead, its untimeliness appears to be deliberate and intended to further obfuscate and

delay these proceedings.

With regard to the motion to review the Magistrate Judge's denial of the motion

to amend third party complaint, Fed.R.Civ.P. 15(a)(2) provides that amendment

"should freely give leave when justice so requires."   "The imposition of terms often will

further the rule's liberal amendment policy.  If the party opposing the amendment can

be protected by the use of conditions from any possible prejudice that might result from

the untimeliness of the amendment, there is no justifiable reason for not allowing it."

Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, 6 *Fed. Practice & Procedure* §

1486 (West).

> The most common condition imposed on an amending party is costs.  An amendment frequently will force other parties to undertake additional preparation in order to meet the new issues or theories that are asserted.  Indeed, the court even may find it necessary to grant a continuance to provide additional time for the opposing part to prepare for trial.  If this preparation results in further expense, the court may order that the amending party bear part or all of it.

*Id.*  Here, the Court finds that the prejudice suffered by virtue of Antill's untimeliness

can be cured with the imposing on Antill the additional costs incurred by any

prejudiced party for additional and/or duplicative discovery.

Similarly, Fed. R. Civ. P. 42 provides for consolidation of actions involving "a

common question of law or fact," and for the issuance of "any other orders to avoid

unnecessary cost or delay."   Here, the Court construes the separate complaint filed by

Antill as a blatant disregard of the Court's deadlines for amendment to pleadings. Although it finds that consolidation is appropriate, the Court will consider a well-supported motion to impose costs on Antill for any additional and/or duplicative costs incurred by a party prejudiced by the consolidation.

In addition, the Court will consider a motion to continue filed by any party prejudiced by this order.

Accordingly,

IT IS ORDERED that:

(1) the motion to deconsolidate filed by International Placement Services, Inc. and Chartis Specialty Insurance Company is DENIED.  Rec. Doc. 536;

(2) the motion for review of and objection to order from magistrate judge filed by Antill Pipeline Construction Co., Inc.  is GRANTED, subject to the condition that the mover pay all additional and/or duplicative costs incurred by any prejudiced party. Rec. Doc. 596;

(3) the motion to consolidate filed by Antill Pipeline Construction Co., Inc. in Civ. Act. 12-1309 "C" (5) is GRANTED.  Rec. Doc. 17; and

(4) the motion for summary judgment filed by International Placement Services, Inc. is GRANTED as unopposed and properly supported.  Rec. Doc. 525.

New Orleans, Louisiana, this 1st day of August, 2012.


_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE