IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | § | CIVIL ACTION NO. 09-3646 |
| OF ANTILL PIPELINE CONSTRUCTION | § | c/w  10-2633, 11-3058 & 12-1309 |
| CO., INC., AS OWNER OF THE BARGE | § | |
| LML 103 AND M/V RUTH R, AND AS | § | SECTION C-2 |
| ALLEGED CHARTERER OF THE BARGE | § | |
| GD 897 FOR EXONERATION FROM OR | § | |
| LIMITATION OF LIABILITY | § | JUDGE HELEN BERRIGAN |
| | § | |
| Applies to:  All Cases | § | MAG. JOSEPH C. WILKINSON, JR. |

**VOSS CLAIMANTS' MEMORANDUM IN OPPOSITION
TO W&T OFFSHORE, INC.'S MOTION TO CONTINUE TRIAL
AND SET NEW TRIAL DEADLINES**

**Preamble**

Antill Pipeline Construction Co., Inc. ("Antill") sabotaged the previous trial setting when it added Hanko Metal Works, Inc. ("Hanko") as a third-party defendant.  Over eight months has passed since Hanko filed its answer, and Antill has yet to take the deposition of Hanko's corporate representative.

Now Antill seeks to sabotage the current trial setting through its ancillary suit against the Estate of William Voss, Deceased ("the Estate"), and W&T Offshore, Inc. ("W&T"), William Voss's employer.  In the order granting Antill's Motion to Consolidate, the Court observed that "Antill presents <u>no</u> explanation for its untimeliness . . . in filing the separate suit."  (Rec. Doc. No. 40, p. 1, in C.A. No. 12-1309) (emphasis original).  The Voss Claimants agree with the Court:  "Its untimeliness appears to be deliberate and intended to further obfuscate and delay these proceedings."  (*Id*. at 1-2).

As a consequence of Antill's "blatant disregard of the Court's deadlines for amendment to pleadings," the Court advised that it "will consider a well-supported motion to impose costs on Antill for any additional and/or duplicative costs incurred by a party prejudiced by the

1

consolidation." (*Id*. at 4). The Voss Claimants respectfully submit that the potential imposition of costs is not enough of a price to pay for Antill's deliberate tactics to avoid trial.

Rather than delay the entire trial, the Court should try the discreet issues of whether Antill and Martin Marietta Materials, Inc. ("Martin Marietta") are entitled to limit their liability. The trial of these issues will not prejudice W&T because it will not need to participate in that trial which should only last three days. Moreover, if the Court decides Antill and/or Martin Marietta are not entitled to limit their liability, then the Voss Claimants and other Claimants can go to the forums of their choice to try their cases against Antill and/or Martin Marietta. But most importantly, Antill will not be rewarded for its blatant gamesmanship that it hopes will result in this case being continued for yet another year.

**NOW INTO COURT**, Claimants and Respondents Jane Voss, Individually and as Surviving Spouse and Heir at Law to the Estate of William Voss, Deceased, Spencer Voss, Individually, Taylor William Voss, Individually, and Zachary Voss, Individually ("Voss Claimants"), through undersigned counsel, submit their Memorandum in Opposition to W&T's Motion to Continue Trial and Set New Trial Deadlines.

**Antill's Strategy of Delay and Deception to Avoid Trial**

Antill sought leave to add Hanko as a third-party defendant at the end of May 2011. (Rec. Doc. No. 227). The Court granted Antill's Motion for Leave to File Third-Party Complaint and continued the October 31, 2011 trial setting. (Rec. Doc. No. 381).[1] Hanko answered Antill's Third-Party Complaint on December 2, 2011. (Rec. Doc. No. 418). Antill has yet to take the deposition of Hanko's corporate representative. Currently that deposition is set for August 16, 2012. Antill's dilatory approach to discovery related to its claims against Hanko

---

[1] The Court advised that there were "two other civil cases that take precedence over this matter and require special reporting to the Fifth Circuit because of their longevity." (Rec. Doc. No. 381, p. 1).

2

demonstrate that Antill had no real interest in adding Hanko other than to lay a predicate for continuing the October 31, 2011 trial setting.

Antill employed the same strategy in filing the ancillary suit against the Estate and W&T. In its Memorandum in Support of Its Motion to Reconsider Order Regarding Costs, Antill writes that "[e]vidence was developed that led to the conclusion that Voss not only supplied the alcohol consumed by the five decedents, but was also the driver of the vessel at the time of the incident." (Rec. Doc. No. 714-1, p. 6). Yet in its Original and First Amended Complaints in the ancillary suit, Antill alleged that Michael Carrere was the driver of the Hanko fishing boat at the time of the allision. (Rec. Doc. No. 5, p. 3, and Rec. Doc. No. 6, p. 3, in C.A. No. 12-1309). Indeed Antill has not filed any Complaint or Claim in these consolidated proceedings and alleged that William Voss was the driver of the Hanko fishing boat at the time of the allision.

Antill's deception continues. Antill argues that "the newly discovered facts . . . supported that a claim against Voss/W&T had to be filed." (Rec. Doc. No. 714-1, p. 7). But an accurate view of the events in this case shows that Antill had no "newly discovered facts" before it filed the ancillary suit. Antill filed that suit on May 21, 2012. (Rec. Doc. No. 5 in C.A. No. 12-1309). On June 13, 2012, the Carrere Claimants produced the expert report of Mariusz Ziejewski, Ph.D. who opined that Carrere was not the Hanko fishing boat's driver at the time of the allision, and Voss was on the boat's right side prior to the allision.[2] On July 10, 2012, Antill produced the expert report of John F. Wiechel, Ph.D., P.E. who opined that Voss was the Hanko fishing boat's driver at the time of the allision.[3] Additionally, Antill had known since very early in the litigation William Voss's ice chest was found in the Hanko boat.[4] This sequence of events

---

[2] The Voss Claimants have moved to exclude these opinions. (Rec. Doc. No. 594).

[3] The Voss Claimants have moved to exclude this opinion. (Rec. Doc. No. 595).

[4] The ice chest is the only "evidence" that Voss provided the alcohol. Robert Wheeler, who was at Voss's camp when the decedents departed for the crawfish boil testified he did not know who provided the alcohol in William Voss's ice chest.

3

demonstrates that Antill had no "newly discovered facts" when it filed the ancillary suit against the Estate and W&T.  Antill was simply laying the predicate for another unnecessary continuance.

### The Court Should Try Antill's and Martin Marietta's Limitation Claims at the Trial Setting

Antill should not be rewarded for its blatant gamesmanship.  The Voss Claimants and other Claimants should not be prejudiced by having this case continued for yet another year.  W&T should not be prejudiced by going to trial at the current setting.

An equitable solution would be to try the discreet issues of whether Antill and Martin Marietta are entitled to limit their liability.  *See McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 304 (5th 1993) (observing that under Fed. R. Civ. P. 42(b) a separate trial may be ordered in furtherance of convenience or to avoid prejudice).  This trial will involve only Antill, Martin Marietta, and the Claimants of the five decedents.  These parties have been in these proceedings from their inception and are ready to try the limitation issues.

All of the cross-claims for contribution, including Antill's recent claims against the Estate and W&T are separable from the limitation issues, as are Antill's insurance-related cross-claims.  As a result, W&T will not need to participate in the limitation trial.  Therefore, W&T will not be prejudiced if the Court tries Antill's and Martin Marietta's limitation claims at the current trial setting.

### Alternatively, The Court Should Not Allow Antill to Amend Its Pleadings as to The Voss Claimants

In the alternative and without waiving the foregoing, the Voss Claimants request that the Court not allow Antill to amend its pleadings to allege that William Voss was the driver of the Hanko fishing boat at the time of the allision.  To allow Antill to amend its pleadings after three years would allow Antill to circumvent (yet again) scheduling deadlines to which its counsel

4

agreed on two previous occasions. Moreover, Antill should not benefit from manufacturing a continuance (for the second time), as previously explained.

### Conclusion

The Voss Claimants request that the Court deny W&T Offshore, Inc.'s Motion to Continue and Set New Trial Deadlines and allow Antill, Martin Marietta, and all Claimants to try the issues of whether Antill and Martin Marietta are entitled to limit their liability. The Voss Claimants also request such other and further relief, both at law and in equity, to which they are justly entitled.

Respectfully submitted,

**LOUIS ST. MARTIN**
**A PROFESSIONAL LAW CORPORATION**

*/s/ Stephen J. Johnson*
**STEPHEN J. JOHNSON**
Louisiana State Bar No. 22439
Post Office Box 3320
Houma, Louisiana 70361-3320
1 Church Street
Houma, Louisiana 70364-3161
(985) 868-9600 (telephone)
(985) 868-1254 (fax)

**COUNSEL FOR VOSS CLAIMANTS/DEFENDANTS**
Jane Voss, Individually and as Surviving Spouse and Heir at Law to the Estate of William Voss, Deceased, Spencer Voss, Individually, Taylor William Voss, Individually, and Zachary Voss, Individually

OF COUNSEL:
**JOHN W. STEVENSON, JR.**
Admitted Pro Hac Vice
Texas Bar No. 19196050
Federal I.D. No. 3992
Weslayan Tower, Suite 750
24 Greenway Plaza
Houston, Texas 77046-2416
(713) 622-3223 (telephone)
(713) 622-3224 (fax)

6

**CERTIFICATE OF SERVICE**

I hereby certify that on August 15, 2012, I electronically filed the foregoing Voss Claimants' Memorandum in Opposition Defendant W & T Offshore, Inc.'s Motion to Continue Trial and Set New Pretrial Deadlines with the Clerk of the Court who will send notice of electronic filing to all counsel of record, except Michael Samanie, who will be served by the United States Postal Service.

                                               */s/ Stephen J. Johnson*
                                               **STEPHEN J. JOHNSON**