UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | * | CIVIL ACTION NO.  09-3646 |
| OF ANTILL PIPELINE CONSTRUCTION | * | c/w 10-2633 |
| CO., INC. AS OWNER OF THE BARGE | * | c/w 11-3058 |
| LML 103 AND M/V RUTH R, AND AS | * | c/w  12-1309 |
| ALLEGED CHARTERER OF THE BARGE | * | SECTION C – 2 |
| GD 897 FOR EXONERATION FROM OR | * | |
| LIMITATION OF LIABILITY | * | JUDGE HELEN G. BERRIGAN |
| | * | |
| | * | MAGISTRATE JOSEPH C. |
| APPLIES TO: 09-3646 | * | WILKINSON, JR. |
| *   *   *   *   *   *   *   * | | |

**REPLY MEMORANDUM TO OPPOSITION TO MOTION
TO STRIKE BY ANTILL PIPELINE CONSTRUCTION CO., INC**

*PREAMBLE*

This matter arises out of an allision between a recreational fishing vessel and a lit barge at night in an un-navigable shallow portion of a canal's bank littered with tree stumps and debris. It is indisputable that, at the time of the allision, the operator and passengers of the fishing vessel were severely intoxicated and that the vessel was recklessly traveling at an extraordinarily high rate of speed.

**MAY IT PLEASE THE COURT:**

Petitioner-in-limitation, Antill Pipeline Construction Co., Inc. ("Antill"), as owner of the Barge LML 103 and M/V RUTH R, through undersigned counsel, files its Reply Memorandum to the Opposition filed by Martin Marietta Materials, Inc. (hereinafter "MMM"),[1] to Antill's Motion to Strike Exhibit A of MMM's Motion for Summary Judgment.[2]

---

[1] Rec. Doc. No. 710.
[2] Rec. Doc. No. 637.

MMM's arguments in its Opposition are unpersuasive as they have failed to demonstrate that Exhibit A was kept in the course of a regularly conducted business activity and its drafting was a regular practice of that activity. Accordingly, Antill's Motion to Strike should be granted.

## LAW AND ANALYSIS

Under Fed. R. Evi. 803(6), evidence of a regularly conducted activity is admissible if:

> A) the record was made at or near the time by — or from information transmitted by — someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity; (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and (E) neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.[3]

"The main purpose of the rule is to ensure the 'trustworthiness' of the documents."[4] "For this record to be admitted pursuant to the 'business record exception' to the hearsay rule the 'custodian or other qualified witness' must testify to its authenticity and to the fact that it was kept 'in the course of a regularly conducted business activity.'"[5]

Simply put, Antill's Motion to Strike should be granted because MMM provides <u>no</u> evidence in its Opposition that the subject e-mail identified as Exhibit A was kept in the course of a regularly conducted business activity and that drafting the e-mail was a regular practice of that activity.[6] Moreover, while Antill disagrees that the e-mail evidences the existence of a bareboat charter between Antill and MMM for the GD 897, it is of no moment that MMM's Edward Koehl allegedly attests to the "accuracy" of the e-mail because the e-mail's accuracy is

---

[3] Fed. R. Evi. 803(6).
[4] *Mossay v. Hallwood Petroleum*, 96-2898, 1997 U.S. Dist. LEXIS 16553, *8 (N.D. Tex. 1997).
[5] *St. Paul Mercury Ins. Co. v. Williamson*, 986 F. Supp. 409, 423 (W.D. La. 1997) (citing Fed. R. Evi. 803(6)).
[6] See Rec. Doc. No. 710.

2

not the grounds upon which Antill's instant Motion to Strike is brought. Accordingly, the Court should find that Exhibit A to MMM's Motion for Summary Judgment does not meet the requirements of Rule 803(6) and, therefore, not consider it in reaching a ruling on MMM's summary judgment motion.

## CONCLUSION

Given the above, as well as the arguments asserted by Antill in its Motion to Strike,[7] Antill submits that Exhibit A[8] of MMM's Motion for Summary Judgment should be stricken and, accordingly, not considered by the Court in ruling on MMM's summary judgment motion.

Respectfully submitted,

**REICH, ALBUM & PLUNKETT, LLC**

*/s/ Robert S. Reich*_____
**ROBERT S. REICH, T.A. (#11663)**
**LAWRENCE R. PLUNKETT, JR. (#19739)**
**FRANCIS A. JUROVICH, III (#31212)**
Two Lakeway, Suite 1000
3850 N. Causeway Blvd.
Metairie, Louisiana 70002
Tel: (504) 830-3999
Fax: (504) 830-3950
E-mail: rreich@rapllclaw.com
           lplunkett@rapllclaw.com
           fjurovich@rapllclaw.com
***Attorneys for Antill Pipeline***
***Construction Co., Inc.***

---

[7] Rec. Doc. No. 637.
[8] Rec. Doc. No. 548-2.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record who are authorized to receive electronic service on this 14th day of August, 2012.

*/s/ Robert S. Reich*