UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN THE MATTER OF THE COMPLAINT | * | CIVIL ACTION NO. 09-3646 |
| OF ANTILL PIPELINE CONSTRUCTION | * | c/w 10-2633 |
| CO., INC. AS OWNER OF THE BARGE | * | c/w 11-3058 |
| LML 103 AND M/V RUTH R, AND AS | * | c/w 12-1309 |
| ALLEGED CHARTERER OF THE BARGE | * | SECTION C – 2 |
| GD 897 FOR EXONERATION FROM OR | * | |
| LIMITATION OF LIABILITY | * | JUDGE HELEN G. BERRIGAN |
| | * | |
| | * | MAGISTRATE JOSEPH C. |
| APPLIES TO: 09-3646 | * | WILKINSON, JR. |
| *    *    *    *    *    *    *    * | | |

### REPLY MEMORANDUM TO CLAIMANTS' OPPOSITION TO MOTION TO STRIKE BY
### ANTILL PIPELINE CONSTRUCTION CO., INC

*PREAMBLE*

This matter arises out of an allision between a recreational fishing vessel and a lit barge at night in an un-navigable shallow portion of a canal's bank littered with tree stumps and debris. It is indisputable that, at the time of the allision, the operator and passengers of the fishing vessel were severely intoxicated and that the vessel was recklessly traveling at an extraordinarily high rate of speed.

**MAY IT PLEASE THE COURT:**

Petitioner-in-limitation, Antill Pipeline Construction Co., Inc. ("Antill"), as owner of the Barge LML 103 and M/V RUTH R, through undersigned counsel, files its Reply Memorandum to the Opposition filed by claimants on behalf of decedents, Rene Gauthier, Lawrence Flak and

Carey Meche (hereinafter collectively "claimants"),[1] to Antill's Motion to Strike Exhibit 1 of claimants' Motion for Partial Summary Judgment.[2]

Claimants' arguments in their Opposition are unpersuasive as they have failed to demonstrate the trustworthiness of Exhibit 1 under Federal Rule of Evidence 803(7). Accordingly, Antill's Motion to Strike should be granted.

## LAW AND ANALYSIS

Under Fed. R. Evi. 803(7), evidence that a matter is not included in a record is admissible if: "(A) the evidence is admitted to prove that the matter did not occur or exist; (B) a record was regularly kept for a matter of that kind; and (C) <u>neither the possible source of the information nor other circumstances indicate a lack of trustworthiness</u>.[3]

Antill maintains that it was unnecessary to obtain permits from the U.S. Army Corps of Engineers ("USACE") for the job Antill was performing during the time frame of the subject incident as the barge flotilla struck by the recreational fishing vessel was not an obstruction to navigation and was not located in the navigation channel of the canal. Despite this, on December 15, 2010 Antill submitted a Freedom of Information Act (FOIA) request to the USACE requesting a copy of any permit obtained in connection with the job Antill was performing to conduct its investigation.[4]

The job site was generally located adjacent to the Falgout Canal just east of the Louisiana Highway 315 bridge near Theriot, Louisiana and was near the same location where the subject incident occurred.[5] Given that the job site was in a general area next to the Falgout Canal, Antill broadly requested all permits issued by the USACE since 1989 for projects in the Falgout Canal

---

[1] Rec. Doc. No. 698.
[2] Rec. Doc. No. 639.
[3] Fed. R. Evi. 803(7).
[4] See January 24, 2011 correspondence from USACE, attached hereto as Exhibit "A".
[5] See Rec. Doc. 1 at ¶ IV.

2

within 20 miles of Theriot, Louisiana.[6] This request broadly included permits obtained by any person or entity as other parties were also involved with the job such as Antill's customer, the local fire department,[7] as well as the customer's representative, Gulf South Engineers.[8] In other words, Antill recognized that applicable permits might have been obtained for any area adjacent to the work site by any of the parties involved in the project. In response, the USACE advised that their initial search "revealed approximately 6,500 permits as potentially responsive"[9] to Antill's request.

On July 5, 2011, claimants submitted their own FOIA request to the USACE; however, their request was extremely limited in scope requesting "any and all permits issued by the Army Corps of Engineers in accordance with the River and Harbors Act of 18.99 and/or 33 U.S.C.A. 403 to Antill Pipeline Construction Co., Inc., for the period including May 6-21, 2009, permitting said company to obstruct the navigable capacity of the waters of the Falgout Canal near Theriot, Louisiana with two barges (the GD 897 and LML 103)."[10] This request clearly applies only to permits obtained by Antill, for a specific act in a specific location, within a very small window of time. In response, the USACE noted that it could not locate responsive records.[11]

Given that Antill's broad FOIA request revealed approximately 6,500 permits as potentially applicable to Antill's work at the time of the incident, it cannot be said that no permit exists for that job. As such, Exhibit 1 to claimants Motion for Partial Summary Judgment does not meet the third factor of the Rule 803(7) exception because it is untrustworthy. Therefore, it

---

[6] See Exhibit "A".
[7] See deposition transcript of Gene Caro, attached hereto as Exhibit "B," at 72.
[8] See deposition transcript of Stephen Champagne, attached hereto as Exhibit "C," at 25.
[9] See Exhibit "A".
[10] Rec. Doc. No. 593-2.
[11] *Id.*

constitutes inadmissible hearsay evidence and should not be considered by the Court in reaching a ruling on claimants' partial summary judgment motion.

## CONCLUSION

Given the above, as well as the arguments asserted by Antill in its Motion to Strike,[12] Antill submits that Exhibit 1[13] of claimants' Motion for Partial Summary Judgment should be stricken and, accordingly, not considered by the Court in ruling on claimants' summary judgment motion.

> Respectfully submitted,
>
> **REICH, ALBUM & PLUNKETT, LLC**
>
> */s/ Robert S. Reich*_____
> **ROBERT S. REICH, T.A. (#11663)**
> **LAWRENCE R. PLUNKETT, JR. (#19739)**
> **FRANCIS A. JUROVICH, III (#31212)**
> Two Lakeway, Suite 1000
> 3850 N. Causeway Blvd.
> Metairie, Louisiana 70002
> Tel: (504) 830-3999
> Fax: (504) 830-3950
> E-mail: rreich@rapllclaw.com
> lplunkett@rapllclaw.com
> fjurovich@rapllclaw.com
> *Attorneys for Antill Pipeline*
> *Construction Co., Inc.*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the above and foregoing pleading was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record who are authorized to receive electronic service on this 15th day of August, 2012.

> */s/ Robert S. Reich*_____

---

[12] Rec. Doc. No. 639.
[13] Rec. Doc. No. 593-2.