UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IN THE MATTER OF THE COMPLAINT** | * | |
| **OF ANTILL PIPELINE CONSTRUCTION** | * | **CIVIL ACTION NO. 09-3646 c/w** |
| **CO., INC., AS OWNER OF THE BARGE** | * | **10-2633 and 11-3058** |
| **LML 103 AND M/V RUTH R, AND AS** | * | |
| **ALLEGED CHARTERER OF THE BARGE** | * | **SECTION "C", MAG. (2)** |
| **GD 897 FOR EXONERATION FROM OR** | * | |
| **LIMITATION OF LIABILITY** | * | **JUDGE HELEN G. BERRIGAN** |
| | * | |
| *(Applies to 09-3646)* | * | **MAGISTRATE WILKINSON** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

CLAIMANTS' MEMORANDUM IN OPPOSITION TO
CHARTIS' MOTION TO CONTINUE TRIAL
AND ALL DEADLINES

**NOW INTO COURT**, through undersigned counsel, come *Marlene Gina Meche, Individually, and on Behalf of Her Minor Son, Rhett Meche, and Jena Meche and Jonathan Meche*, *Cole Gauthier and Deana Flak, Individually and as Administratrix of the Estate of Larry Flak,* (collectively "Claimants"), and, for their Memorandum in Opposition to Defendant, Chartis' Motion to Continue Trial and All Deadlines (Rec. Doc. 719, "Motion"), would respectfully show:

## I.   INTRODUCTION

This limitation action arises from a tragic allision which occurred on the evening of May 20, 2009, and claimed the lives of Michael J. Carrere, Sr. ("Carrere"), Rene Gauthier ("Gauthier"), Lawrence Flak ("Flak"), Carey Meche ("Meche"), and William Voss ("Voss"). The decedents were traveling in a fishing boat that struck a spud barge moored by Petitioner, Antill Pipeline Construction Co., Inc. ("Antill"), in the Falgout Canal.

00422477-1

1

On October 13, 2009, Antill filed a Third Party Complaint against Brandy Frommeyer Carrere, as the succession representative of the Estate of Carrere, Tarpon Rental, Inc. ("Tarpon"), the employer of Carrere, and ABC Insurance Company ("ABC") as Carrere's and/or Tarpon's insurer.[1]   Through counsel appointed by First Mercury, Tarpon's primary commercial general liability insurer, Tarpon subsequently answered the Third-Party Complaint on January 26, 2010.[2]   Then, on December 13, 2011, over two years after Antill made claims against Tarpon and its insurers,   Tarpon,   through   counsel   separate   from   its insurer provided counsel, brought an ancillary declaratory judgment action against Chartis and IPS.[3] Therein, Tarpon alleged that after claims were filed against it as a result of the subject incident, it referred those claims to its insurer, Chartis, for defense and handling, which Chartis denied. [4]   As such, Tarpon sought a declaratory judgment declaring that the policy issued by Chartis provided coverage for the liabilities alleged against Tarpon.[5]   On December 22, 2011, this Court consolidated Tarpon's declaratory action with the limitation,[6] thus making Chartis a party to the instant suit.

On June 27, 2012, over six months following the Court initiated consolidation; Chartis filed a Motion to Deconsolidate Tarpon's declaratory action from the limitation.[7]   In its reasoning, Chartis stated that it had not had enough time to conduct discovery prior to trial.[8]   Chartis noted that it would be prejudiced if the cases remained consolidated.[9] The Court subsequently found that Chartis' failure to conduct discovery over the months following the consolidation of Tarpon's

---

[1] Rec. Doc. No. 19
[2] Rec. Doc. No. 36
[3] Rec. Doc. No. 1 of E.D. La. U.S. District Court civil action 11-3058
[4] Rec. Doc. No. 1 of E.D. La. U.S. District Court civil action 11-3058.
[5] *Id.*
[6] Rec. Doc. No. 8 of E.D. La. U.S. District Court civil action 11-3058.
[7] Rec. Doc. No. 536
[8] Rec. Doc. 536-1 at 5-6
[9] *Id.* at 8.

00422477-1

declaratory action to be the sole fault of Chartis and no one else.[10]  Claimants are vehemently

opposed to yet another continuance of this matter, for the reasons set out below.

## II.   ARGUMENT AND AUTHORITY

Once a scheduling order has been entered by the Court, a schedule may be modified only

for good cause and with the judge's consent. Fed. R. Civ. Proc. 16(b)(4).   A motion for a

continuance is addressed to the discretion of the trial court.[11]

Antill filed this limitation action on May 22, 2009, within two days of the tragic deaths of

Voss, Carrere, Flak, Gauthier and Meche.   This lawsuit has been pending for three years, and the

Claimants have patiently waited for their day in Court.   As the Court noted in its consolidation

Order of August 1, 2012, "Antill presents no explanation for its untimeliness in...filing the separate

suit.   Instead, its untimeliness appears to be deliberate and intended to further obfuscate and delay

these proceedings."   This is not the first time Antill has employed this tactic.   On August 25,

2011, a mere two months prior to the initial trial setting of October 31, 2011, and more than 27

months after filing its limitation action, Antill brought a Third-Party Complaint [12] against

Defendant Hanko Metal Works, Inc. ("Hanko").   Hanko manufactured the fishing boat on which

Voss, Carrere, Flak, Gauthier and Meche were traveling at the time of the allision.   Antill alleged

that the Hanko vessel had no "adequate notice/warning of dangers and is designed, constructed,

composed, and/or manufactured in such a way that it invites and/or allows passengers to ride

forward of the vessel operator."   Antill evidently intends to argue that a passenger who it cannot

---

[10]  Rec. Doc. No. 682 at 2.

[11]  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1193 (5th Cir. 1986) citing *Securities Exchange Comm'n v. Spence & Green Chem. Co.*, 612 F.2d 896, 901 (5th Cir.1980), cert. denied, 449 U.S. 1082, 101 S.Ct. 866, 66 L.Ed.2d 806 (1981).

[12]  See Doc. 382.

00422477-1

prove was sitting in front of the driver of the vessel (given that there are no known living witnesses to the allision), obstructed the driver from seeing the barge at the time of the allision, and that Hanko is therefore liable for having manufactured a vessel that invited a passenger to sit in front of the driver.   Putting aside for the moment that Antill cannot make a *prima facie* showing that any of the decedents obstructed the driver's view, Antill has no reasonable explanation as to why it waited until two months prior to the trial date to allege a theory of liability that, if valid at all, was clear and should have been known to Antill almost immediately.

Not only did Antill join Hanko in this lawsuit at the midnight hour, it permitted Hanko to delay its appearance in this lawsuit by months.   The summons served on Hanko on August 29, 2011,[13] required Hanko to enter an appearance by September 19, 2011.   Hanko did not enter an appearance by September 19, 2011, and Antill did not seek a default judgment.   It was not until the Court sent a notice[14] to Antill that its cause of action against Hanko would be called on Wednesday, January 18, 2012, and in the absence of a showing of good cause as to why said case should remain on the Court's docket, would be dismissed, that Hanko filed its Answer[15] on December 2, 2011.   Antill accomplished its goal to delay the trial of this lawsuit, as the trial was reset to September 24, 2012.   During the ensuing eight months, Hanko has conducted virtually no discovery in defense of Antill's claim, and Antill has conducted virtually no discovery in support of its claims against Hanko.   A simple review of Hanko's Memorandum in Support of its Motion for Summary Judgment[16] reveals that it relied on no discovery that had not already been

---

[13]   See Doc. 384.
[14]   See Doc. 417.
[15]   See Doc. 418.
[16]   See Doc. 602-4.

00422477-1

conducted long before Hanko was joined in the lawsuit.  Hanko did not require nine months within which to prepare its defense of Antill's claims.

Having successfully delayed the trial of this matter once, Antill again employed the same tactic with respect to W&T Offshore, who, like Chartis, now seeks a continuance of the trial setting without any indication as to the specific discovery that it needs to conduct in order to defend itself.[17]  (Rec. Doc. 708).   Chartis's Motion should likewise be denied despite its unsupported argument that "[a] continuance of the trial date and deadlines will serve the interests of justice and will not prejudice any party involved…"  (Rec. Doc. 719).   The "interests of justice" are not served by continued delay and inefficient administration of justice.   The claimants have the right to a prompt resolution of their claims.   If the claimants are denied this right, then they are prejudiced.    The claimants' interests therefore must be weighed in relation to Chartis's desire for more time to "prepare for trial."

The facts and circumstances surrounding Chartis's requested delay do not support a ruling in favor of continuing the trial of this matter.  This Court consolidated Tarpon's declaratory action with the limitation on December 22, 2011.   At that time, it became Chartis's decision not to actively participate in discovery.  Chartis is therefore responsible for the circumstances which now give rise to its request for a continuance.   Chartis's Motion to continue fails to describe any future discovery that is allegedly necessary to "prepare its case for trial."   Chartis also fails to explain any legitimate reason for not attempting to prepare its case for the originally-scheduled trial date. This Court should re-consider its earlier observation that Chartis's "post-consolidations

---

[17]  These claimants filed an opposition to W&T Offshore's Motion to Continue Trial and Reset Pre-trial Deadlines, which fully explains the reasons why W&T Offshore's motion should be denied. Rec. Doc. 724.

decision to refrain from participating in discovery over the past few months was their own."[18]

Any difficulties that Chartis had in meeting the presently-set deadlines and adequately preparing

for trial are the fault of Chartis in delaying and resisting discovery.   Chartis easily could have

obtained the information that it complains it lacks, had Chartis taken timely action.   A

continuance of the trial date is unwarranted because it will lead to continued delay and inefficient

administration of justice without any legitimate reasons for doing so.

If the trial of this matter is continued again, Claimants will continue to live under the dark

cloud of this litigation.   By September 24, 2012, this lawsuit will be pending for forty months.

Claimants would respectfully request that the stalling and delaying of the trial of this matter end.

Before Chartis is to be permitted to delay the trial of this lawsuit, it should first be required to

provide the Court with a clearer, more specific statement of what new discovery it requires in order

to defend itself, so that the Court can determine whether a delay is in fact necessary.

## III.   CONCLUSION

For the reasons set out above, Claimants pray that the Court exercise its discretion in

controlling its docket, and deny Chartis's Motion to Continue.

**WHEREFORE**, Claimants pray that Chartis's Motion to Continue be denied, and for all

further and other relief to which they may be entitled.

---

[18] Rec. Doc. No. 682 at 2.

00422477-1

Respectfully submitted,

*DUPLASS, ZWAIN, BOURGEOIS,
   PFISTER & WEINSTOCK*


   *s/Ryan M. Malone*

_____

**RYAN M. MALONE (#30607)**
Three Lakeway Center
3838 N. Causeway Blvd., Suite 2900
Metairie, Louisiana   70002
Telephone: (504) 832-3700


**CHARLES V. CUSIMANO, III (#28858)**
Cusimano Law Firm, PLC
631 St. Charles Avenue
New Orleans, LA 70130
Telephone: (504) 525-1213


**ROBERT ANGELLE, (#2495)**
3850 N. Causeway Blvd.
Suite 630
Metairie, LA 70002
Telephone: (504) 836-5990

Attorneys for Claimants, *Marlene Gina
Meche, Individually, and on Behalf of her
Minor Son, Rhett Meche, and Jonathan Meche
and Jena Meche*

*SPAGNOLETTI & CO.*


   *s/Mark Evan Kutner*

_____

**MARK EVAN KUTNER (PHV)**
Texas State Bar No. 11770575
401 Louisiana St. 8th Floor
Houston, Texas 77002
Telephone: (713) 653-5600


*(SIGNATURES CONTINUED ON NEXT PAGE)*

00422477-1

**WALTER NAQUIN, JR. (09891)**
**THE NAQUIN LAW FIRM**
P. O. Box 127
Thibodaux, LA   70302
Telephone: (985) 447-9554

Attorneys for Claimants, *Cole Gauthier, Deana Flak, Individually and as Administratrix of the Estate of Larry Flak*

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of August, 2012, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*s/Ryan M. Malone*

_____

**RYAN M. MALONE**

00422477-1