UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF THE COMPLAINT      CIVIL ACTION
OF ANTILL PIPELINE CONSTRUCTION CO.,
INC.      NO. 09-3646 & consol. cases
     Pertains to: 11-3058

     SECTION "C" (2)

ORDER AND REASONS

This matter comes before the Court on motion for summary judgment filed by

Chartis Specialty Insurance Company ("Chartis").   Rec. Doc. 521.  Having reviewed the

record, the memoranda of counsel and the law, the Court rules as follows.

Tarpon Rental, Inc. ("Tarpon") filed suit against Chartis seeking a declaration

that its policy of excess commercial liability was in full force and effect and provides

coverage for the liability alleged against Tarpon at the time of the accident involved in

these consolidated cases.  Civ. Act. No. 11-3058 "C"(3),  Rec. Doc. 1.  Tarpon has been

sued by Antill Pipeline Construction Co., Inc. ("Antill") by third-party complaint for

negligence and fault involving its employee, Michael James Carrere ("Carrere"), who

allegedly owned and/or operated the vessel involved in the allision and was one of the

five on board who died in the accident.   Rec. Docs. 19,  432.  Chartis seeks summary

judgment with the argument that its policy unambiguously excludes coverage for

Tarpon's liability.[1]

In its motion, Chartis argues that the "any marine liability" exclusion contained in the Marine Liability Limitation Endorsement No. 15 ("Endorsement No. 15") precludes coverage for Tarpon's liability here because that liability is necessarily marine in nature.[2]  Tarpon, joined by Antill, argues that the "marine liability" exclusion does not apply.  Rec. Docs. 546, 552.

Endorsement No. 15 is relevant in two respects and provides as follows:

> This policy is amended as follows:
>
> **A.**  Solely as respects watercraft, **Section V. Exclusions, Paragraph A**, is deleted in its entirety.
>
> B.  **Section V. Exclusions** is amended to include the following additional exclusion:
> **Marine**
> This insurance does not apply to any marine liability which includes, but is not limited to, the following:
>
> > Charterers Liability                    Protection and Indemnity Liability
> > Safe Berth Legal Liability         Ship Builders Liability

---

[1]Tarpon also argues in passing that it owes no defense or indemnity obligations because the underlying commercial liability insurance has not been exhausted.   Rec. Doc. 521-2 at 5.  For present purposes, the Court construes the motion as focusing on the argument that no coverage would be available in the event of exhaustion.

[2]The insuring agreement contained in Section I of the original Commercial Umbrella Liability policy's insuring agreement "is deleted in its  entirety and replaced" with the Marine Employers' Liability Endorsement No. 14, ("Endorsement 14"), by virtue of specific language contained in Endorsement No. 14  itself.  Rec. Doc. 151-4 at 5, 51.

<table>
<tr><td>Towers Liability</td><td>Stevedores Liability</td></tr>
<tr><td>Ship Repairers Legal Liability</td><td>Wharfingers Liability</td></tr>
<tr><td>Terminal Operation Liability</td><td>U.S. Longshoreman and Harbor Workers</td></tr>
<tr><td>Jones Act</td><td></td></tr>
</table>

> However, if a Marine Employers Liability Coverage endorsement is attached to this policy, this exclusion shall not apply to liability for which coverage is afforded under such Marine Employers' Liability Coverage endorsement.

Rec. Doc. 521-4 at 55.[3]

In opposition, Tarpon first argues that "marine liability" is covered based on the original insuring agreement and the exclusion contained in Section V. A. of the original policy. "Thus, taken as a whole, Endorsement No. 15's deletion of Section V's broad

---

[3]That now-deleted exclusion concerns both aircraft and watercraft, and provides:

This insurance does not apply to **Bodily Injury** or **Property Damage** arising out of the ownership, maintenance, use or entrustment to others of any aircraft or watercraft owned or operated by or rented or loaned to any **Insured.**   Use includes operation and loading and unloading.

This exclusion applies even if the claims against any Insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that **Insured,** if the **Occurrence** which caused the **Bodily Injury** or **Property Damage** involved the ownership, maintenance, use or entrustment to others of any aircraft or watercraft that is owned or operated by or rented or loaned to any **Insured.**

This exclusion does not apply to a watercraft you do not own that is:

1.      less than 26 feet long; and

2.      not being used to carry persons or property for a charge.

Rec. Doc. 521-4 at 9.

exclusionary language, including exclusion of liabilities arising out of 'use' of a 'watercraft' and replacement with an exclusion of 'any marine liability', simply does not unambiguously delete from coverage liabilities arising out of the non-commercial use of a non-owned recreational fishing boat that was clearly covered by the basic policy." Rec. Doc. 546 at 10.  The Court disagrees with this assessment and finds that Endorsement 14 unambiguously replaces the original insuring agreement section "in its entirety" and that Endorsement No. 15 deletes the original aircraft and watercraft exclusion as it pertains to watercraft "in its entirety."   Rec. Docs. 521-4 at 51, 55; 552. As a result,  Tarpon's reliance on clearly deleted provisions to support an argument for ambiguity and/or coverage argument is unavailing.

Tarpon also argues that the "context" of Endorsement No. 15 supports its interpretation that there is coverage because it is "nonsensical" to find that basic coverage was lost with the marine endorsements.  Rec. Doc. 546 at 11.  "Thus, when the expectation of the reasonable purchaser of the Chartis' Policy is considered, Endorsement 15 must be construed to exclude only traditional commercial marine perils." *Id.* at 11.  The Court disagrees that Tarpon did not gain some coverage with the endorsements and, in any event, disagrees that context alters the clear language of the two endorsements at issue simply because Tarpon's liability here is excluded.

4

In addition, Tarpon argues that the Chartis policy affords coverage because of its Commercial General Liability Limitation Endorsement No. 7, which provides in full as follows:

> This policy is amended as follow:
>
> **Section V.  EXCLUSIONS** is amended to include the following additional exclusion:
>
> **Commercial General Liability**
>
> This insurance does not apply to Commercial General Liability.
>
> However, if insurance for Commercial General Liability is provided by a policy listed in **Scheduled Underlying Insurance**:
>
> 1.      This exclusion shall not apply; and
>
> 2.      Coverage under this policy will follow the terms, definitions, conditions and exclusions of **Scheduled Underlying Insurance**, subject to the **Policy Period**, Limits of Insurance, premium and all other terms, definitions, conditions and exclusions of this policy.  Provided, however, that coverage provided by this policy will be no broader than the coverage provided by **Scheduled Underlying Insurance**.

Rec. Doc. 521-4 at 43.  Tarpon argues that this provision indicates that "the Chartis Policy is intended to pick up claims that are covered by and exhaust the limits of the First Mercury policy."  Rec. Doc. 546 at 13.  However, this argument ignores the clear language of Endorsement 7 that any coverage is "subject to" the terms and exclusions of the Chartis policy, and fails as a result.

Tarpon also argues that its liabilities are not solely marine in nature, focusing on

5

the Antill's allegations that it failed to properly supervise and train Carrere under Louisiana law.  Rec. Doc. 546 at 12.   Chartis replies with the argument that admiralty jurisdiction has been found to exist with regard to Antill's claims against Tarpon.   Rec. Doc. 590 at 5.  The Court is not persuaded by this argument.   Although admiralty jurisdiction has been recognized with regard some of those claims, its existence does not eliminate the possibility of supplemental jurisdiction over state law claims.

Chartis further argues that  "[e]ven those claims that Tarpon asserts are not 'marine' in nature arise out of Tarpon's alleged failure to train and/or supervise the use of a vessel on navigable waterways and are therefore marine in nature." Rec. Doc. 590 at 5.  No legal authority is provided for this bald proposition.   In its motion, Chartis does not otherwise challenge the Louisiana nature of certain pending claims, the viability of state law claims under undisputed facts or whether state law claims are otherwise covered under the policy as non-marine liability.   Therefore, state law claims survive summary judgment.

Accordingly,

IT IS ORDERED that the motion for summary judgment filed by Chartis Specialty Insurance Company is PARTIALLY DENIED as to the Louisiana state law

claims and PARTIALLY GRANTED in all other respects.[4]   Rec. Doc. 521.

New Orleans, Louisiana, this 6th  day of November, 2012.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[4]This motion does not pertain to and is not directed to the second amended third-party complaint filed by Antill against Chartis in the limitation action and does not affect those claims.  Rec. Docs. 689, 774.