UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT<br>OF ANTILL PIPELINE CONSTRUCTION CO.,<br>INC. | CIVIL ACTION<br><br>NO. 09-3646 & consol. cases<br>Pertains to: 09-3646 & 12-1309<br><br>SECTION "C" (2) |

ORDER AND REASONS

This matter comes before the Court on (1) motion to dismiss/motion for summary judgment on behalf of Patterson Services, Inc. ("Patterson") and Cudd Pressure Control, Inc. ("Cudd"), (2) Rule 12 (b)(6) motions to dismiss filed by Jane Voss, as heir at law to the estate of William Norris Voss ("Voss"), (3) Rule 12(b)(6) motion to dismiss filed by W & T Offshore, Inc. (W&T"), (4) motion for summary judgment filed by W&T and (5) motion to strike filed by Antill Pipeline Construction Company, Inc. ("Antill").[1]  Rec. Docs. 520, 683, 684, 861, 880.  Having considered the law, the memoranda of counsel and the law, the Court rules as follows.

All four of the dispositive motions focus on claims made by Antill against the interests of allegedly intoxicated passengers who died in the allision between the vessel and Antill's stationary barge.  In its counterclaim against Patterson and Cudd, Antill

---

[1]Two of the motions pertain to Civ. Act. No. 12-1309 "C," which has been consolidated with the other cases, contain some arguments that are moot by virtue of the trial continuance and are not discussed herein.

alleges vicarious liability for the conduct of two decedent passengers based on their intoxication and because they "allowed" the vessel to be operated in an unsafe manner by someone who was intoxicated. Antill also alleges that Patterson and Cudd are also liable for failing to protect, supervise and train the deceased employees. Rec. Doc. 76 at 4-8. Antill also separately filed suit against the heirs of decedent Voss ("Voss claimants") and his employer, W&T Offshore, Inc. ("W&T") based on allegations that Voss "provided alcohol" to those killed in the allision with and that W&T similarly failed to properly protect, supervise and train its deceased employee. Civ. Act. No. 12-1309 "C", Rec. Docs. 1 & 6. With regard to the counterclaim, complaint and amended complaint, Antill prays for defense, indemnity, contribution and /or recovery of and for any and all judgment and/or settlement, expenses, and interest "in the event" it is found liable to any claimant for any claims arising out of the subject incident. *Id.*; Rec. Doc. 76.

**Patterson & Cudd**

Patterson and Cudd present a number of arguments in their motion. First, they claim that the decedents were not acting within the course and scope of their employment at the time of the accident under La. Civ. Code art. 2320, because the accident occurred the night before the opening of the official event and after the alleged business event the evening before. Antill argues that the acceptance of workers'

compensation death benefits by the decedents' interests and expense reports suggest that the decedents were acting within the course and scope of their employment at the relevant times, as does the fact that the relevant companies did do business with each other. The Court finds that a genuine issue of material fact exists as to *this* issue, for the same rationale as previously applied to Tarpon's argument on this issue. Rec. Doc. 182.

Patterson and Cudd argue that, in any event, employer vicarious liability for the underlying employee conduct is not actionable under Louisiana law, and that the employers are not liable for any comparative fault that may be assessed against the decedents' interests for riding with a driver they knew to be intoxicated. In addition, Patterson and Cudd argue that they owe no duty relative to the direct liability claims made by Antill. Antill opposes with a number of novel arguments.

First, Antill argues that the general maritime law of respondeat superior applies instead of Louisiana law because the allision occurred on navigable water, resulting in vicarious liability on the employer for the employee's negligence. Rec. Doc. 631 at 10. Antill also argues that because the identity of the operator of the vessel is a disputed issue of fact, it could have been either the Patterson or Cudd employee at the wheel. Antill points to the general maritime law rule against providing alcohol without adequate supervision and the possibility that either employer furnished alcohol to the

vessel operator, to infer that summary judgment is inappropriate.[2]

Assuming there is a maritime dram shop claim, the cases upon which Antill rely indicate a dependence on "facts in which there was provision or consumption of alcohol aboard a vessel." *Vollmar v. O.C. Seacrets, Inc.*, 831 F.Supp2d 862, 870 (D.Md. 2011). *See e.g., Reyes v. Vantage Steamship Co., Inc.*, 609 F.2d 140, 146 (5th Cir. 1980); *Young v. Players Lake Charles, L.L.C.*, 47 F.Supp.2d 832, 835-36 (S.D.Tex. 1999); *Quinn v. St. Charles Gaming Co., Inc.*, 815 So.2d 963, 966 (La. App. 3d Cir. 2002). Facts supporting that circumstance are lacking here. In fact, it is undisputed that the fatal trip on the vessel ride was short in duration, and that any intoxication existed prior to boarding.[3]

Antill's actually argues for an extension of a maritime dram rule. It seeks to impose on the allegedly intoxicated passengers a duty to "disallow" the vessel to be operated by someone who is intoxicated. The Court is not persuaded by Antill's bare arguments, given the fact that even the maritime dram rule is inapplicable. Without an underlying duty, Antill's argument of vicarious liability is unfounded. In addition, Antill makes no showing that any failure to protect, supervise or train caused the

---

[2] In its July 2012 opposition, Antill alternatively asked that more discovery was needed in the form of corporate depositions of Patterson and Cudd. Rec. Doc. 631 at 14. More than ample time for discovery has been provided in this matter. Rec. Doc. 823.

[3] Antill does not argue that Louisiana law provides a cause of action relative to the alleged provision of alcohol on land.

allision.

The gist of the claims made by Antill against Patterson and Cudd involve land-based conduct, a fact that Antill consistently ignores.  Even assuming that the two deceased employees were acting within the course and scope of their employment, the facts plead by Antill do not support a finding that either of these employees were other than guest passengers on the vessel, whether intoxicated or not.   There is no factual basis to support Antill's apparent assumption that any drinking by any decedent was other than voluntary.  The argument based on the possibility that either Patterson or Cudd employee might have been the operator of the vessel is speculative.  In the end, Antill provides no legal authority for its far-reaching legal proposition that either employer had a supervisory or vicarious duty to the decedents relating to the procurement and/or consumption of alcohol on land sufficient to uphold Antill's claim for contribution and indemnity.  The  counterclaim against Patterson and Cudd is subject to dismissal.

**The Voss Claimants**

The Voss claimants make similar challenges to the claims made against them in the separately filed suit by Antill in their motion to dismiss.  They argue that Antill's complaint/amended complaint is deficient because it fails to set forth any cognizable legal theory of liability" and is "on its face, deficient because it fails to allege facts

entitling it to the relief its seeks." Rec. Doc. 283 at 6-7.   They claim admiralty jurisdiction is lacking under the complaint/amended complaint, which alleges only that Voss was a passenger in the vessel liable because he "provided alcohol to all decedents, including Hanko's vessel operator Carrere, which they all consumed." Rec. Doc. 283 at 8; Civ. Act. 12-1309 "C," Rec. Docs. 1 & 16 at ¶ XI.   The Voss claimants argue that no causal allegation exists between the alleged provision of the alcohol and either the allision and/or Antill's "list of conclusory facts and legal conclusions." Rec. Doc. 293 at 9.

In opposition, Antill argues that admiralty jurisdiction applies because the separately-filed limitation action is governed by maritime law, alternatively because the allegations have a connection to maritime activity.  Rec. Doc. 24 at 8-9.   Antill also argues that "a defendant can be held liable under maritime law for providing alcohol without adequate supervision."  *Id.* at 11.   According to Antill, "sufficient facts are specifically plead which notify defendant that Voss was so drunk at the time of the allision that he could not safely be either an operator or passenger of the vessel; he could not correct the operator; could not take over and operate the vessel."  *Id.* at 16.

These arguments fail for the same reasons as those undermining Antill's counterclaim against Patterson and Cudd.   Antill relies heavily on evidence outside of the pleadings on this motion to dismiss, yet still fails to provide actual proof that Voss

was the operator of the vessel at the relevant time. For purposes of a motion to dismiss, the factual allegations contained in the complaint are taken as true; however, "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662,678 (2009); *Hale v. King*, 642 F.3d 492,503 (5th Cir. 2011).

Antill also ignores the procedural posture it created for itself. It chose not to present these claims in the limitation action and filed a separate suit seeking the hypothetical contribution and indemnity. Because Antill is unable to provide legal support for any duty underlying the claims plead against the Voss claimants in the separately-filed suit, the claims are subject to dismissal.

**W&T**

Unlike the Voss claimants, W&T, the former employer of decedent Voss, does not address the legal sufficiency of the claims made against it by Antill in the separately-filed suit in its motion to dismiss. Instead, it argues that Antill's claims for contribution are premature based on the fact that the claims against the Voss claimants are duplicative of those asserted against the Voss claimants in the limitation action. Rec. Doc. 10. In response, Antill relies on caselaw recognizing entitlement to bring a third-party claim for contribution prior to being cast in judgment in certain instances. Rec. Doc. 25 at 8. Again, Antill's opposition to this motion to dismiss is largely based

on evidence outside of the pleadings.

The Court's study of the record reflects that Antill has not made a third-party claim in the limitation action against the Voss claimants or W&T, but chose to file a separate suit seeking contribution and indemnity based on admiralty subject matter jurisdiction, alternatively diversity. Because there is no third-party complaint involved, the procedural posture created by Antill is distinguishable from the cases upon which it relies. Antill does not provide the Court with caselaw recognizing the propriety of a separately-filed suit seeking contribution or indemnity where the plaintiff has not been cast in judgment. The Court agrees that they are subject to dismissal.[4]

In its more recently filed motion for summary judgment, W&T relies on an abundance of relevant evidence that Voss was not acting in the course and scope of his employment at the time of the accident and argues that Antill can provide no proof to create a genuine issue of material fact on that issue.[5] Rec. Doc. 861. Although Antill's opposition considers relevant its extended discussion about the issue as it pertains to the other deceased claimants on board the vessel, its only relevant argument with

---

[4]W&T did not challenge the substance of the claims against them, and the Court does not pass on the viability of the claims against W&T as a result.

[5]Although Voss was a resided in Texas at the time of his death, the parties appear to agree that Louisiana law applies as to the issue of vicarious liability in their memoranda.

regard to Voss is the fact that he held an executive position at W&T.[6]  The Court finds that Antill's argument is insufficient as a matter of law and that summary judgment is appropriate.

The Court does not find that Antill is entitled to an opportunity to amend its complaint in Civ. Act. No. 12-1309 "C"(3) under the circumstances.[7]  The record in these consolidated cases support the finding that Antill previously moved to amend on the eve of trial and caused a delay.  These motions provide additional evidence that Antill has sought to unnecessarily obfuscate and delay the progress of this litigation.

Accordingly,

IT IS ORDERED that the motion to dismiss/motion for summary judgment on behalf of Patterson Services, Inc.  and Cudd Pressure Control, Inc. is GRANTED.  Rec. Doc. 520.

IT IS FURTHER ORDERED that the Rule 12 (b)(6) motion to dismiss filed by Jane Voss, as heir at law to the estate of William Norris Voss is GRANTED.  Rec. Doc. 683.

IT IS FURTHER ORDERED that the Rule 12(b)(6) motion to dismiss filed by W&T Offshore, Inc. is GRANTED.   Rec. Doc. 684.

---

[6]Contrary to Antill's assertion, the dispositive motion deadline always precedes the completion of discovery under this Court's Scheduling Order.  Rec. Doc. 891 at 19, Rec. Doc. 796.

[7]Antill has amended the complaint once.  Civ. Act. No. 12-1309 "C"(3), Rec. Doc. 6.

IT IS FURTHER ORDERED that the motion for summary judgment filed by W&T is GRANTED. Rec. Doc. 861.

IT IS FURTHER ORDERED that the motion to strike filed by Antill Pipeline Construction Company, Inc. is DENIED. Rec. Doc. 880.

New Orleans, Louisiana, this 6th day of December, 2012.

 HELEN G. BERRIGAN
 UNITED STATES DISTRICT JUDGE