UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF THE COMPLAINT           CIVIL ACTION
OF ANTILL PIPELINE CONSTRUCTION CO.,
INC.                                     NO. 09-3646 & consol. cases
                                         Pertains to: 10-2633

                                         SECTION "C" (3)

ORDER AND REASONS

This matter comes before the Court on motion for summary judgment filed by Martin Marietta Materials, Inc. ("Martin Marietta"). The motion is opposed by Antill Pipeline Construction Company, Inc. ("Antill"), claimants representing the interests of the survivors and estates of Cary Meche ("Meche"), Rene Joseph Gauthier ("Gauthier"), Lawrence Henry Flak ("Flak"), William Norris Voss ("Voss"), and James Carrere, Jr. ("Carrere"). Having considered the record, the memoranda of counsel and the law, and considering the question is quite close, the Court nonetheless denies summary judgment for the following reasons.

On August 10, 2010, Martin Marietta filed a complaint for exoneration from and limitation of liability in this matter as "the bareboat charterer/ owner pro hac vice of the barge GC 897," a barge bareboat chartered by Martin Marietta and involved in the accident underlying this litigation. Civ. Act. No. 10-2633 at Rec. Doc. 1; Rec. Doc. 104. It has also filed a complaint for intervention in the lead case and an answer and claim to

its own petition.[1]  Rec. Docs. 98, 129.

In this motion, Martin Marietta seeks summary judgment in its favor against claims made against it based on the argument that Antill was the bareboat charterer/owner pro hac vice of the barge GD 897 at the time of the accident and "Martin's sole obligation was to arrange for the delivery of the barge with the materials specified."  Rec. Doc. 548-1 at 2.  It is undisputed that the barge GD 897 did not have direct contact with the vessel in the allision, but is sued for its positioning in the canal, which allegedly caused an obstruction, along with the adequacy of its lighting, allegations that it claims are controlled by the general maritime law.  Rec. Doc. 548-1 at 8.  Martin Marietta bases its argument in the original motion on undisputed facts that indicate that it arranged for the towage of the barge by non-party M/V MISS KIM to the Antill destination, that another vessel directed the mooring of the barge GD 897, and that the decision where to moor the barge GD 897 and how to light it was made by Antill employees.  *Id.*  The oppositions include arguments concerning Antill's bareboat charter status and breaches of Martin Marietta's duties attendant to negligent entrustment and supervision.  Rec. Docs. 626, 655, 656, 658.

In its reply memorandum, Martin Marietta argues that the oppositions'

---

[1] The Court recognizes that the latter pleading may contain the wrong case reference in its caption.  As the trial approaches in this matter, however, such procedural errors will take on greater significance.

2

contention that it "had an obligation to vet and oversee Antill's operations to ensure that Antill used the GD 897 in a safe manner" places too expansive a duty on Martin Marietta "to supervise, manage, audit and oversee Antill's operations." Rec. Doc. 681-3 at 8, 10. It provides additional arguments that it is not liable for "negligent entrustment" because of a lack of evidence that it knew or should have known Antill would use the barge GD 897 in an unsafe manner and because it had a bareboat charter with Antill. *Id.* at 12-21. Martin Marietta also argues that on the exact date of the accident, the barge GD 897 had not yet left the care, custody and control of Antill and that there is no evidence that Martin Marietta participated in the decision regarding mooring. *Id.* at 22-26. Finally, it argues that summary judgment is appropriate because the accident was not foreseeable and Antill's negligence was the superseding cause of the accident. *Id.* at 26-28.

14 14, that it

     The Court finds that summary judgment is inappropriate for a number of reasons. Although Martin Marietta argues in its reply memorandum that it had a bareboat charter with Antill, the evidence on that issue is equivocal. Assuming that the email from Martin Marietta is admissible, it does not contain the words "bareboat charter" or even "care, custody and control." Rec. Doc. 548-2 at Exh. A. It contains no provision for responsibility for safe operation, lighting or mooring. Rather, the email

indicates a more hybrid and less structured agreement between Martin Marietta and Antill.  Here, the evidence reveals that Martin Marietta arranged for towage by the M/V MISS KIM, a non-party interest.  Martin Marietta acknowledges testimony that the captain of the M/V MISS KIM verified that the barge was properly moored upon delivery to Antill, along with conflicting testimony that the captain of the M/V MISS KIM had no "real choice about where to moor the GD 897."  Rec. Doc. 548-1 at 5.  As a result, the issue whether Martin Marietta had or should have had notice of the dangers inherent in the positioning of the barge GD 897 remains for trial.

With regard to the adequacy of the lighting, the Court recognizes that Martin Marietta produces testimonial proof that Antill alone was responsible for the lighting of the barge GD 897 and that the navigation lights used were owned, maintained and stored by Antill.  *Id.* at 6.  However, that proof may raise subsidiary issues concerning Martin Marietta's own failure to equip the barge GD 897 with adequate lighting under circumstances that take into account its own recognition that it surrendered its on-site presence.

The Court disagrees with its final argument that it is entitled to summary judgment because the accident was not foreseeable and because Antill's negligence was a superseding cause of the accident.  Maritime accidents occur on a regular basis.  Here, Martin Marietta chose to omit any clause regarding the safe operation of the barge GD

897 in its agreement with Antill.  In addition, it chose not to include a indemnity clause regarding injury to third parties caused by Antill's negligence.  At the same time, it appears that Martin Marietta was required to furnish the owner with certificates of insurance, including P&I, naming the owner "an additional assured with hold harmless agreement" in its own charter agreement with the owner.  Rec. Doc. 548-4 at Exh. C.

Nonetheless, this motion reflects the strength of the case that Martin Marietta will be able to present against Antill at trial based on the record evidence.  The parties are encouraged to undertake meaningful settlement discussions.

Accordingly,

IT IS ORDERED that the motion for summary judgment filed by Martin Marietta Materials, Inc. is DENIED.  Rec. Doc. 548.

IT IS FURTHER ORDERED that the motion to strike filed by Antill Pipeline Construction Company, Inc. is DENIED.  Rec. Doc. 637.

New Orleans, Louisiana, this 6th day of December, 2012.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE