UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT<br>OF ANTILL PIPELINE CONSTRUCTION CO.,<br>INC. | CIVIL ACTION<br><br>NO. 09-3646 & consol. cases<br>Pertains to: 09-3646<br><br>SECTION "C" (2) |

ORDER AND REASONS

This matter comes before the Court on motion for summary judgment filed by Hanko Metal Works, Inc. ("Hanko"), the manufacturer of the recreational vessel involved in the fatal allision made the subject of these consolidated cases. Rec. Doc. 602. Having reviewed the record, the memoranda of counsel and the law, the Court rules as follows.

Hanko was sued by Antill Pipeline Construction Company, Inc. ("Antill") for products liability by way of third party complaint filed in Antill's limitation action. Rec. Doc. 382. Antill claims that the vessel was "unreasonably dangerous because it invites and allows passengers to ride forward of the operator, thus increasing the risk of injury and/or death to passengers and/or the operator, increasing the risk of the vessel operator's view being obstructed, and increasing the risk of other hazards." *Id.* at ¶ IX. Antill claims fault on the part of Hanko for failing to adequately warn of the safety

hazard, failure to adequately design and manufacture the vessel, and failing to produce a vessel "that conforms to an express warranty," failing to protect life and property, failing to "properly advise," and failing to properly train the operator. *Id.* at ¶ X. Antill seeks "defense, contribution, indemnity, and/or recovery" "in the event" Antill is found liable to any claimant. *Id.* at ¶ XI.

Hanko argues that summary judgment is appropriate under either the Louisiana Products Liability Act or Section 402A of the Restatement (Second) of Torts.[1] In its original motion, Hanko included arguments that Antill can not prove that the vessel was being used in a reasonable foreseeable manner, that Antill can not prove that the allegedly defective seating arrangement caused the accident, that Antill can not prove that the vessel was unreasonably dangerous, that Antill can not prove that the vessel was defectively constructed, that Antill can not prove that the vessel was defectively designed, that Antill can not prove that Hanko failed to adequately warn of danger, and that Antill can not prove that Hanko failed to conform to an express warranty.

---

[1] In general, a plaintiff to prove that the product was defective or unreasonably dangerous in normal use, that the product was in normal use at the time of the injury, that the defect caused the injury, and that the defect existed when the product left the control of the manufacturer. *See, e.g., East River Steamship Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 865-66 (1986); *Molett v. Penrod Drilling* Co., 826 F.2d 1419, 1424 (5th Cir. 1987), *abrogated on other grounds by Jerome B. Grubart v. Great Lakes Drege & Dock Co.,*, 513 U.S. 527544-45 (1995); *Vickers v. Chiles Drilling Co.*, 822 F.2d 535, 538 (5th Cir. 1987).

Rec. Doc. 602. The primary focus of the motion, however, is the lack of evidence to support Antill's claims that the operator's vision was obstructed as a result of the seat placement in the vessel, either with proof that a passenger was seated in front of the operator or that a passenger was obstructing the operator's view at the time of the allision, so as to cause the accident. Rec. Doc. 602-4 at 2.

Antill opposes the motion with the argument that it "contends the design and manufacture of the vessel caused and/or contributed to this incident by allowing passengers to be forward of the operator, thus obscuring the operator's sight line and placing the vessels [sic] occupants in a dangerous position." Rec. Doc. 634 at 2.[2] Antill continues that summary judgment should be denied because "Defendant has failed to demonstrate that there is no question of fact that it is not liable for the subject incident due to the manufacture and design of the vessel." *Id.* In its original opposition, Antill specifically claimed the existence of genuine issues of material fact as they relate to defective design/failure to warn and causation. Rec. Doc. 634. The Court construes the failure of Antill to address the remaining arguments raised by Hanko in its motion as an abandonment of those claims.

---

[2] Antill originally opposed the motion as it relates to defective design/failure to warn with the argument that discovery was not complete. Rec. Doc. 634 at 3, 7-9. The Court finds that adequate time for discovery has been allowed and, in fact, has been conducted and incorporated into a supplemental opposition. Rec. Doc. 827.

As it pertains to the causation argument, Antill argues that its proposed expert raises a genuine issue of material fact as to whether the operator's vision was obstructed. Specifically, while the witnesses state that the decedents were in the back of the vessel when last seen, [the proposed expert's] findings that Gauthier was in the front of the vessel just before the incident indicates that the occupants were moving around while en route." Rec. Doc. 634 at 10. In order to avoid summary judgment on this issue, Antill offers a "hypothetical" in which one of the passengers was in front of the operator when the vessel operator attempted to avoid the allision and that the operator "yelled" at this passenger to get out of the way at which time this passenger "jumped to the front seat in front of the passenger console." Rec. Doc. 634 at 10-11. The Court finds as a matter of law that this hypothetical does not raise a genuine issue of material fact as to causation.

The post-discovery supplemental opposition filed by Antill does not cure the shortcomings with its claims against Hanko. Antill argues without proof that there are genuine issues of material fact pertaining to its claims of design defect, warning defect, and express warranty, largely relying on an airplane products liability case in which a seat was found to have obstructed the pilot's view and caused the injury, *Cleveland v. Piper Aircraft Corp.*, 890 F.2d 1540 (10th Cir. 1989). Rec. Doc. 827. In reply, Hanko patiently and thoroughly rebuts each of Antill's most recent arguments, leaving Antill

4

without any proof as to causation sufficient to withstand summary judgment.

Antill bears the burden of proof in proving its products liability claims against Hanko. The circumstances surrounding the accident certainly have eliminated the natural sources of proof, but does not eliminate Antill's burden. In so ruling, the Court notes that Antill chose to bring its claims against Hanko without any evidence to support causation on the eve of a previous trial date, which was continued in order to accommodate the amendment and over two years after suit was filed by Antill.

Accordingly,

IT IS ORDERED that the motion for summary judgment filed by Hanko Metal Works, Inc. Is GRANTED.  Rec. Doc. 602.

New Orleans, Louisiana, this 11th day of December, 2012.

                                              HELEN G. BERRIGAN
                                              UNITED STATES DISTRICT JUDGE