UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF THE COMPLAINT        CIVIL ACTION
OF ANTILL PIPELINE CONSTRUCTION CO.,
INC.                                  NO. 09-3646 & consol. cases
                                      Pertains to: 09-3646, 11-3058 & 12-
                                      1309

                                      SECTION "C" (3)


ORDER AND REASONS

This matter comes before the Court on (1) motion for summary judgment filed by Chartis Specialty Insurance Company ("Chartis"), Rec. Doc. 872; (2) motion to reconsider the granting in part of motion for summary judgment filed by Tarpon Rental, Inc. ("Tarpon"), Rec. Doc. 873; (3) motion in limne to exclude expert testimony and expert report filed by Chartis, Rec. Doc. 874; and (4) motion for summary judgment filed by Antill Pipeline Construction Co., Inc. ("Antill"), Rec. Doc. 876.  Having reviewed the record, the memoranda of counsel and the law, the Court rules as follows.[1]

All of these motions concern the extent of coverage allegedly provided to Tarpon under its policy of excess commercial liability with Chartis.  Tarpon has been sued by Antill by third-party complaint for negligence and fault involving its employee, Michael

---

[1] The Court will address the merits of the motion by Chartis only.  The remaining three motions are related, but either moot or irrelevant and can be summarily decided.

James Carrere ("Carrere"), who allegedly owned and/or operated the vessel involved in the allision and was one of the five on board who died in the accident. Rec. Docs. 19, 432. Chartis previously moved for summary judgment that the policy unambiguously excluded coverage for any liability on the part of Tarpon. Rec. Doc. 521. On November 6, 2012, this Court issued an Order and Reasons partially denying a motion for summary judgment filed by Chartis as it pertained to Louisiana state law claims brought against Tarpon and granting summary judgment in favor of Chartis in all other respects. Rec. Doc. 830. These motions followed.

In its first Order and Reasons, the Court declined to rule in favor of Chartis on the issue of coverage for alleged state law claims being made against Tarpon directly, based on what the Court considered the "bald proposition" made by Chartis in its reply brief that those claims were marine in nature.[2] Rec Doc. 830 at 6; Rec. Doc. 590 at 5. In its

---

[2]In its third-party complaint against Tarpon, Antill alleges the following:
    The above-mentioned incident, and any alleged losses, damages, deaths or injuries occurring as a result, cause or contributed to by the negligence, fault, carelessness, neglect, lack of due diligence or want of due care on the part of Tarpon Rental, Inc. in the following non-exclusive particulars:
    1. Failure to protect life and property;
    2. Failure to properly supervise and train Michael James Carrere;
    3. Failure to design a safety protocol in connection with company-sponsored events;
    4. Failure to abide by federal and state statutes and regulations regarding the operation of a vessel;
    5. Failure to provide Michael James Carrere and his passengers with alternate transportation after he ingested intoxicating beverages and/or controlled substances; and

current motion, Chartis presents legal support for its previous argument that coverage for these claims is also excluded under its policy with Tarpon.   Antill and Tarpon oppose.

The issue presented here is not whether admiralty subject matter  jurisdiction exists over the direct claims against Tarpon, or whether the general maritime law or state law governs those claims, but whether alleged state law claim can produce liability outside of the "any marine liability" exclusion contained in the Marine Liability Limitation Endorsement No. 15 ("Endorsement No. 15").  Having reviewed the legal authority presented, the Court finds as a matter of law that any resulting liability is necessarily a "marine" one under either maritime or Louisiana law, regardless of how Antill's direct claims against Tarpon are presented.

"The elements of a maritime negligence cause of action are essentially the same as land-based negligence." *Dunaway v. La. Wildlife & Fisheries Commission*, 6 So.3d 228, 233. "The plaintiff must demonstrate: (1) that the defendant owed the plaintiff a duty, (2) that the defendant breached that duty, (3) that the plaintiff sustained injury, and (4) that a causal connection exists between the defendant's conduct and plaintiff's injury.     *Id.* Antill acknowledges that its direct claims against Tarpon for negligence in hiring, retaining or supervising is governed by Louisiana duty-risk analysis, which requires cause-in-fact. Rec. Doc. 892 at 6.  Here, the only possible "causal connection" or "cause-in-

---

   6. For other reasons which may be shown at the trial in this matter.
Rec. Doc. 19 at ¶ XI; Rec. Doc. 185 at ¶XXVI; Rec. Docs. 432, 689.

fact" between Tarpon's direct fault and the injury to any party is between the lack of training or supervision and the accident, which constituted a "marine liability" for purposes of the Chartis policy exclusion.

As explained by Judge Wicker in *Boudreaux v. Siarc, Inc.*, 714 So.2d 49, 52 (La. App. 5th Cir. 1998): "The so-called 'independent acts of negligence,' [failure to properly train, supervise, take necessary precautions] ... are not facts material to the coverage question." "The ultimate issue, to which these 'independent acts' return," is the nature of the employer's liability for those acts under the policy. The Louisiana Supreme Court looks to the cause of the injuries as controlling where there is more than one possible theory of liability presented. *Picou v. Ferrara*, 412 So.2d 1297, 1300 (La. 1982); *Simmons v. Weiymann*, 943 So.2d 423,426-27 (La. App. 1st Cir. 2006). Here, regardless of the theory of direct liability against Tarpon, the cause of the injuries was the maritime allision and is a marine liability for purposes of the Chartis policy.[3]

The Court also notes that this conclusion is bolstered by consideration of the test for admiralty subject matter jurisdiction in tort actions, which requires that the alleged wrong have both a maritime locality and bear a significant relationship to traditional maritime activity. *Miles v. Melrose*, 882 F.2d 976, 991 (5th Cir. 1989). Such jurisdiction extends to land-based employer failures where the "alleged negligence took effect" and

---

[3] The Court also notes that no facts beyond conjecture are presented that the lack of such training or supervision would have changed the conduct of any decedent.

4

the injury occurred on navigable waters.  *Id.,* citing *Executive Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249, 266 (1972).  Here, the land-based negligence and resulting injuries were manifested in the accident.

Accordingly,

IT IS ORDERED that:

(1) the motion for summary judgment filed by Chartis Specialty Insurance Company is GRANTED, Rec. Doc. 872;

(2) the motion to reconsider the granting in part of motion for summary judgment filed by Tarpon Rental, Inc. is DENIED, Rec. Doc. 873;

(3) the motion in limine to exclude expert testimony and expert report filed by Chartis is GRANTED, Rec. Doc. 874; and

(4) the motion for summary judgment filed by Antill Pipeline Construction Co., Inc. is DENIED, Rec. Doc. 876.

New Orleans, Louisiana, this 4th  day of January, 2013.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE