UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF ANTILL PIPELINE CONSTRUCTION CO., INC. | CIVIL ACTION<br><br>NO. 09-3646 & consol. cases<br>Pertains to: All Cases<br><br>SECTION "C" (3) |

ORDER AND REASONS

This matter comes before the Court on the request of Antill Pipeline Construction Co., Inc. ("Antill") for trial before a jury. Having reviewed the record, the memoranda of counsel and the law, the Court rules as follows.

Antill asserts a Sixth Amendment right to trial by jury because punitive damages, which most claimants here have sought, are "quasi-criminal." Rec. Doc. 977. The key part of that assertion, however, is the "quasi-"; the Sixth Amendment only "'relate[s] to prosecutions which are strictly criminal in their nature.'" *Tull v. United States*, 481 U.S. 412, 419 (1987) (quoting *United States v. Regan*, 232 U.S. 37 (1914)).

Antill also asserts a right to trial by jury because it claims that the Court has diversity jurisdiction concurrent with its admiralty jurisdiction here. Rec. Doc. 971. Yet Antill has consistently asserted 28 U.S.C. § 1333, not § 1332, as its jurisdictional basis. Indeed, the previously submitted proposed pre-trial order itself contains no mention of

diversity jurisdiction.  Rec. Doc. 955.  Antill's claim that diversity jurisdiction exists is simply incorrect, and regardless, the eve of trial is far too late in the day for Antill to assert a new jurisdictional basis that could materially alter the trial of this case as well as the law.

Antill's final argument for a jury trial here, based on an assertion that jurisdiction is proper under 28 U.S.C. § 1367, Rec. Doc. 971, is refuted by the very authorities its supplemental memorandum cites.  Rec. Doc. 977, p. 2 (quoting *Churchill v. The F/V Fjord*, 892 F.2d 763, 772 (9th Cir. 1988)); *Churchill*, 892 F.2d at 769 (explaining that "Appellants assert that the pendent state law claim . . . entitles them to a trial by jury"; noting that "[t]he district court rejected this argument, citing the Fifth Circuit's opinion in *Tallentire*"; and affirming).  In any event, whatever (if any) right to a jury that claimants might have on this basis, it is not Antill's right to assert.

Accordingly,

IT IS ORDERED that this matter be tried to the Court without a jury.

New Orleans, Louisiana, this 11th  day of January, 2013.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE