UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT<br>OF ANTILL PIPELINE CONSTRUCTION CO.,<br>INC. | CIVIL ACTION<br><br>NO. 09-3646 & consol. cases<br>Pertains to: 09-3646 & 10-2633<br><br>SECTION "C" (3) |

ORDER & REASONS

Before the Court is the Voss, Flak, Gauthier, and Meche motion in limine to exclude the opinions, testimony, and report of Lieutenant Chad Hebert and the hearsay statements and testimony of any witness concerning the speed of the recreational vessel, Rec. Doc. 601, which Antill opposes, Rec. Doc. 632.  Having considered the record, the memoranda of counsel, and the law, the Court rules as follows.

In the first instance, if Lieutenant Hebert's opinion as to the speed of the vessel is admissible at all, it must be admissible as an expert opinion.  Under Federal Rule of Evidence 701, lay witnesses may only provide opinion testimony if it is "rationally based on [their] perception."  Fed. R. Evid. 701(a).  Lay witnesses who offer an opinion regarding speed must therefore be percipient witnesses, that is, they must themselves observe the object in motion in order to be allowed to offer an opinion as to its speed. *See United States v. Marshall*, 173 F.3d 1312, 1315 (11th Cir. 1999) ("Under this rule, the

opinion of a lay witness on a matter is admissible only if it is based on first-hand knowledge or observation—for example, a witness' opinion that . . . a car he observed was traveling in excess of a certain speed."). As it is undisputed that Lieutenant Hebert was not present to perceive the recreational vessel's speed at the relevant time, his opinion on the matter cannot be "rationally based on [his] perception" and cannot be admitted as lay opinion testimony. The Court therefore turns to the question whether Lieutenant Hebert is qualified to provide an expert opinion on the recreational vessel's speed.

The admissibility of expert opinion testimony is governed by Federal Rule of Evidence 702, and the Supreme Court has determined that the rule obliges the trial judge to act as a "gatekeeper" and screen scientific evidence for reliability and relevance. *Daubert v. Merrell Dow Pharmaceuticals Inc.*, 509 U.S. 579, 595 (1993). Regarding reliability, the Court said: "the subject of an expert's testimony must be 'scientific . . . knowledge.' The adjective 'scientific' implies a grounding in the methods and procedures of science. Similarly, the word 'knowledge' connotes more than subjective belief or unsupported speculation." *Id.* at 589-590.

The Court suggested several factors in determining reliability. The first is whether "the theory or technique . . . can be (and has been) tested." *Id.* at 593. Another is whether the theory or technique has been subjected to evaluation by peer review and publication. A third factor is the known or potential rate of error in the technique and

the existence and maintenance of standards governing its operation.  A final consideration is whether the theory or technique has been generally accepted in the scientific community.  In 2000, Federal Rule of Evidence 702 was revised to incorporate the *Daubert* standard and now reads:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Lieutenant Hebert arrived at his opinion as to the recreational vessel's speed through several steps.  He first contacted a mechanic for a Yamaha dealer to download data from the recreational vessel's engine.  He then contacted an employee of an enterprise called Baggy's Pro Shop, who provided him with a formula for converting the engine data (revolutions-per-minute or "RPMs") into a speed.  Finally, he plugged the data given to him by the Yamaha mechanic into the formula and arrived at a speed.

There are several problems with Lieutenant Hebert's methodology.  First, he provides no evidence as to the technique used by Yamaha mechanic to extract the data from the vessel's engine or that person's competence to assess the technique's reliability or proper execution.  This seriously undermines the factual basis for his opinion. Lieutenant Hebert likewise concedes that he himself is not familiar with the techniques for transforming engine RPM data into speed—indeed, he admits to relying on

someone else (whose expertise in physics or engineering does not appear in the record) to provide him with the formula.[1]  Finally, it would appear that Lieutenant Hebert may have made an arithmetic mistake in using the formula, which further calls into question the reliability of his opinion.

Accordingly, the Court concludes that it is inappropriate to qualify Lieutenant Hebert as an expert.  He did not gather the relevant facts (the RPM data from the recreational vessel's engine), nor did he use his expertise to transform those facts into an ultimate opinion (the conversion of the RPM data into a speed).  He simply relayed what he had been told by others, with no basis to assess its accuracy or reliability.  And there is evidence that he made errors in his calculations.[2]

It is immaterial that Lieutenant Hebert was, as Antill urges, acting "within the course and scope of his employment," which includes investigating boating accidents. Rec. Doc. 632 at pp. 1–2, 4–5.  Investigating a death falls within the course and scope of both a police officer's and a coroner's employment.  This does not render a police officer competent to testify as to matters of medicine anymore than Lieutenant Hebert's

---

[1]  The formula itself is suspect.  Converting RPMs into speed without accounting for weight seems dubious—something Lieutenant Hebert himself acknowledged in his deposition.  Hebert Depo., pp. 133–34.

[2]  Antill's suggestion that an otherwise-qualified expert may rely on the testimony of another lay or expert witness is true but irrelevant.  Antill has not shouldered its burden to show that Lieutenant Hebert is an expert in post-accident calculations of speed.  Even if it had, it has not shown that the employees of the Yamaha dealership and that of Baggy's Pro Shop are competent to provide evidence on which Lieutenant Hebert may rely.  Indeed, the employee of the Pro Shop from whom Lieutenant Hebert received the RPM-to-speed formula is described simply as "a guy that does prop work in Houma."

employment qualifies him as an expert in physics, engineering, or the performance of Yamaha motors on recreational vessels.

As the Court has determined that Lieutenant Hebert's calculation of speed should not be admitted because it is unreliable, it also concludes that the references to it in other experts' reports should be excluded. While experts are allowed to rely on hearsay in forming an opinion, this exception may not be used to allow the introduction of evidence otherwise determined to be unreliable.

Accordingly, IT IS ORDERED that the motion in limine to exclude Lieutenant Hebert's testimony as to the recreational vessel's speed and the references to it in other experts' reports is **GRANTED**.  Rec. Doc. 601.

New Orleans, Louisiana, this 22nd day of January, 2013.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE