UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN THE MATTER OF THE COMPLAINT                    CIVIL ACTION
OF ANTILL PIPELINE CONSTRUCTION CO.,
INC.                                              NO. 09-3646 & consol. cases
                                                  Pertains to: 09-3646 & 10-2633

                                                  SECTION "C" (3)

ORDER & REASONS

Before the Court is a motion filed by all claimants (except those of the Carrere

family) to exclude the testimony of Tim Anselmi, Rec. Doc. 598, and opposed by Antill,

Rec. Doc. 630.  Anselmi offers four opinions: (1) that the lighting apparatus complies

with 33 C.F.R. § 88.13; (2) that the Spud Barge "LML 103" and moored Hopper Barge

"GD 897" were not restricting navigation; (3) that none of the occupants of the

recreational vessel should have been operating it, because all were drunk; and (4) that a

failure of prudent seamanship by the operator of the recreational vessel was a

contributing cause of the accident.  Having considered the record, the memoranda of

counsel, and the law, the Court rules as follows.

Anselmi's second through fourth opinions are only marginally relevant.  For

example, his opinion as to whether the LML 103 was an obstruction to navigation has

little probative value; he himself admits "the open hopper barge 'GD 897' was not

present during the undersigned's inspection."  Anselmi's opinion as to the course and

alterations of course by the operator of the recreational vessel before the accident (and accordingly, whether the vessel operator was using prudent seamanship) is also undermined by the fact that he conducted his inspection only after removal of the GD 897 barge.  And his opinion as to the appropriateness of a drunk person operating a vessel is not especially illuminating given the obviousness of the proposition.  But these considerations bear more appropriately on the weight rather than the admissibility of Anselmi's testimony, and so the Court will not exclude his testimony on these matters.[1]

The Court will admit the testimony of Anselmi concerning the lights at issue, but only upon the testimony of Chester Kramer as to where the lights were located.  Antill will first have to establish that the lights Anselmi examined were the lights allegedly in use at the time of the accident (and likely where any given light was placed).  With this foundation, his opinion as to them will be relevant; without it, his opinion is not.  Of course, even if Kramer testifies, his credibility will also be assessed and any bias taken into consideration.

Accordingly, IT IS ORDERED that the motion in limine to exclude Anselmi's testimony is conditionally **DENIED**.  Rec. Doc. 598.

New Orleans, Louisiana, this 23rd day of January, 2013.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

---

[1] Were this other than a bench trial, greater scrutiny would be necessary.