UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT<br>OF ANTILL PIPELINE CONSTRUCTION CO.,<br>INC. | CIVIL ACTION<br><br>NO. 09-3646 & consol. cases<br>Pertains to: 09-3646 & 10-2633<br><br>SECTION "C" (3) |

ORDER & REASONS

Before the Court is a motion in limine by the Voss claimants to exclude certain testimony of John F. Wiechel, Ph.D., P.E., Rec. Doc. 595, which Antill opposes, Rec. Doc. 621, and a motion in limine by the Voss claimants to exclude certain testimony of Mariusz Ziejewski, Ph.D., Rec. Doc. 594, which the Carrere claimants oppose, Rec. Doc. 625, 725.  Having considered the record, the memoranda of counsel, and the law, the Court rules as follows.

The admissibility of expert opinion testimony is governed by Federal Rule of Evidence 702, and the Supreme Court has determined that the rule obliges the trial judge to act as a "gatekeeper" and screen scientific evidence for reliability and relevance.  *Daubert v. Merrell Dow Pharmaceuticals Inc.*, 509 U.S. 579, 595 (1993). Regarding reliability, the Court said: "the subject of an expert's testimony must be 'scientific . . . knowledge.'  The adjective 'scientific' implies a grounding in the methods

and procedures of science. Similarly, the word 'knowledge' connotes more than subjective belief or unsupported speculation." *Id.* at 589-590.

The Court suggested several factors in determining reliability. The first is whether "the theory or technique . . . can be (and has been) tested." *Id.* at 593. Another is whether the theory or technique has been subjected to evaluation by peer review and publication. A third factor is the known or potential rate of error in the technique and the existence and maintenance of standards governing its operation. A final consideration is whether the theory or technique has been generally accepted in the scientific community. In 2000, Federal Rule of Evidence 702 was revised to incorporate the *Daubert* standard and now reads:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Neither Dr. Weichel nor Dr. Ziejewski is a medical expert—they are offered only as experts on biomechanics. Yet the opinions of both rely extensively on matters that fall squarely within the province of a medical expert. *E.g.*, Ziejewski Depo., pp. 144–45 (acknowledging that in order to rule out one set of explanations, an opinion as to the cause of a chest injury would be necessary); Weichel Report, p. 7 ("The ruptured right lung indicates he sustained a blunt impact to his chest/upper abdomen."). These

matters are outside the scope of their expertise, yet are inextricably intertwined with their ultimate opinions. This could justify excluding their testimony.[1] Moreover, neither expert provides much if any basis for believing that he has reliably applied a technique tested and peer reviewed, to say nothing of with a known error rate.

When the Court is the finder of fact, however, the need for it to act as a vigorous "gatekeeper" under *Daubert* is diminished. That is, without a jury to be confused by potentially dubious expert testimony, there is little reason to exclude such testimony if there is some possibility that it may assist the Court. *Whitehouse Hotel Ltd. Partnership v. C.I.R.*, 615 F.3d 321, 330 (5th Cir. 2010) ("In *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000), our court noted that the importance of the trial court's gatekeeper role is significantly diminished in bench trials, as in this instance, because, there being no jury, there is no risk of tainting the trial by exposing a jury to unreliable evidence."). So, the Court concludes that as this matter is being tried without a jury, it will allow in these expert reports, with movants' concerns going to their weight rather than their admissibility.

Accordingly, IT IS ORDERED that the motions in limine to exclude the testimony of Dr. Ziejewski and Dr. Weichel are **DENIED**. Rec. Docs. 594, 595.

---

[1] This is not the first time that Dr. Ziejewski has exceeded the scope of his expertise by opining on medical matters. *See Wagoner v. Schlumberger Technology Corp.*, 2008 WL 5120750, at *1 (D. Wyo. June 19, 2008).

New Orleans, Louisiana, this 23rd day of January, 2013.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE